UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER J. MCDANIELS,

          Plaintiff,

   v.

BELINDA STEWART, et al.,

          Defendants.

CASE NO. 3:15-CV-05943-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: March 4, 2016

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Peter J. McDaniels is presently confined at the Stafford Creek Corrections Center ("SCCC") and alleges violations of his constitutional rights due to the inadequacy of SCCC provided Halal meals. Dkt. 9 (the "Complaint"). Plaintiff paid the full filing fee on January 27, 2016 and is not proceeding *in forma pauperis* in this matter. *See* Dkt. 12.

At the time Plaintiff filed the Complaint (Dkt. 9), Plaintiff also filed a Motion for Preliminary Injunction ("First Motion for Preliminary Injunction"). Dkt. 10. On February 3, 2016, Plaintiff also filed a pleading titled, "Motion for Declaratory Judgment." Dkt. 17. Based on the allegations and relief sought, the Court construes Plaintiff's Motion for Declaratory Judgment as a Second Motion for Preliminary Injunction. *See* Dkt. 17 at 13-21 ("Second Motion

for Preliminary Injunction"). As the Court granted Plaintiff's Motion to Combine Preliminary Injunction and Declaratory Judgment Motion, *see* Dkts. 16 and 24, the Court will address Plaintiff's First and Second Motions for Preliminary Injunction in this Report and Recommendation.

The Court concludes Plaintiff has not stated a cognizable claim in this case and, as a result, recommends injunctive relief be denied.

## BACKGROUND

Plaintiff alleges his constitutional rights have been violated because the Halal diet he has been provided is nutritionally inadequate. Dkt. 9. On February 8, 2016, the Court declined to serve the Complaint but granted Plaintiff leave to file an amended complaint. Dkt. 21. Plaintiff has until March 8, 2016 to file an amended complaint. *See* Dkt. 21.

In the First Motion for Preliminary Injunction, Plaintiff alleges he is being forced by Defendants to purchase his own meat and entrée food items. *Id.* at 2. Plaintiff requests Defendants "make a simple substitution, on his current metabolic tray, and give him tuna, halal and/or Kosher meats, chic peas [sic], cottage cheese, and other foods that are already available." *Id.* at 9. Plaintiff also requests that no forbidden meat be placed on his tray and that he should receive vegetable soup when the regular trays are getting "hearty meat soups." *Id.*

In the Second Motion for Preliminary Injunction, Plaintiff makes similar requests, and asks for a therapeutic diet that is free of textured vegetable protein (TVP) and includes less sodium and carbohydrates from sugar. Dkt. 17 at 5.

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no

> further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

Here, the Court determined the Complaint failed to state a claim and gave Plaintiff leave to file an amended complaint. *See* Dkt. 21. Plaintiff has not filed an amended complaint. Therefore, there is no cognizable claim in this case. Without a cognizable claim, Plaintiff has failed to show a likelihood of success on the merits or raise serious questions going towards the merits of this case. Plaintiff, thus, fails to meet the first prong of both tests and Plaintiff's First and Second Motions for Preliminary Injunction fail. *See Thompson v. County of Sacramento Animal Control*, 2001 WL 2457709, *3 (D. Hawai'i June 16, 2011) ("the court cannot grant injunctive relief where Plaintiffs have failed to state a cognizable claim").

1    Further, this Court cannot issue an order against individuals who are not parties to the
2 pending suit. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969). As
3 Plaintiff has not filed an amended complaint, he has failed to show any of the named Defendants
4 are parties to this lawsuit, making injunctive relief improper.

**CONCLUSION**

6    As Plaintiff has failed to state a cognizable claim in this case, he has not shown a
7 likelihood of success on the merits of the underlying action. Further, he seeks injunctive relief
8 against non-parties. Accordingly, the undersigned recommends Plaintiff's First and Second
9 Motions for Preliminary Injunction (Dkts. 10, 17) be denied without prejudice.

10    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
11 Procedure, the parties shall have fourteen (14) days from service of this Report to file written
12 objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
13 objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time
14 limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on March 4,
15 2016 as noted in the caption.

16    Dated this 10th day of February, 2016

David W. Christel
United States Magistrate Judge