1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   PETER J. MCDANIELS,

11                    Plaintiff,

CASE NO. 3:15-CV-05943-BHS-DWC

12          v.

ORDER

13   BELINDA STEWART et al.,

14                    Defendants.

15

16          Plaintiff, proceeding *pro se,* filed this civil rights Complaint pursuant to 42 U.S.C. §

17   1983. Presently before the Court are (1) Plaintiff' Motion to Waive Security Deposit (Dkt. 15)

18   and (2) Motion to Appoint Counsel (Dkt. 23). After a review of the Motions and relevant record,

19   Plaintiff's Motion for Appointment of Counsel is denied and Plaintiff's Motion to Waive

20   Security Deposit is denied as moot.

21      **1.  Motion to Waive Security Deposit (Dkt. 15)**

22          Plaintiff moves the Court to waive the discretionary security deposit under Federal Rule

23   of Civil Procedure 65 due to Plaintiff's *in forma pauperis* status. Dkt. 15. Under Rule 65, "the

24   court may issue a preliminary injunction or temporary restraining order only if the movant gives

security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have wrongfully enjoined or restrained."

However, the Court has entered a Report and Recommendation denying Plaintiff's First and Second Motions for Preliminary Injunction, Dkt. 25, thus, Plaintiff's Motion to Waive Security Deposit (Dkt. 15) is denied as moot. Furthermore, the Court notes Plaintiff paid the full filing fee on January 27, 2016, and is not proceeding *in forma pauperis* in this matter. *See* Dkt. 12.

## 2.  Motion to Appoint Counsel (Dkt. 23)

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, Plaintiff's case does not involve complex facts or law, and Plaintiff has not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court.

1 Plaintiff has also not shown he is likely to succeed on the merits of his case. *See* Dkt. 21 (Order

2 to Amend or Show Cause). Accordingly, Plaintiff's Motion to Appoint Counsel (Dkt. 23) is

3 denied without prejudice.

4     The Court also notes Plaintiff filed an application to proceed *in forma pauperis* with his

5 Motion to Appoint Counsel, which appears to be Plaintiff's support for his contention that he is

6 unable to afford counsel. *See* Dkt. 23 at 1, Dkt. 23-1 at 5-6. However, as stated above, Plaintiff

7 has already paid the filing fee and is not proceeding *in forma pauperis* in this matter. *See* Dkt.

8 12. Thus, any future applications to proceed *in forma pauperis* will be denied as moot.

9     Dated this 16th day of February, 2016.

10

11

_____

David W. Christel

12                                    United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

ORDER - 3