UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER J. MCDANIELS,

                          Plaintiff,

          v.

BELINDA STEWART et al.,

                          Defendants.

CASE NO. 3:15-CV-05943-BHS-DWC

ORDER

Plaintiff, proceeding *pro se*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. 9. Presently before the Court are two objections filed by Plaintiff: (1) Objection to Order on Motion to Appoint Counsel ("First Motion for Reconsideration," Dkt. 30) and (2) Objection to Order to Show Cause ("Second Motion for Reconsideration," Dkt. 34). Although not specifically characterized as such, Plaintiff's objections shall be treated as motions for reconsideration. After reviewing Plaintiff's First and Second Motions for Reconsideration and relevant record, the Court denies the Motions as they does not meet the standard outlined in Local Civil Rule 7(h).

Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which

could not have been presented earlier with reasonable diligence. A motion for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." LCR 7(h)(2).

### 1. First Motion for Reconsideration (Dkt. 30)

In his First Motion for Reconsideration (Dkt. 30), Plaintiff seeks reconsideration of the Court's February 16, 2016 Order Denying Plaintiff's Motion for Appointment of Counsel (Dkt. 26).

As the Court explained in the original order, the Court may only appoint counsel in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

The Court reiterates its conclusion that Plaintiff is articulate and the Court understands his allegations. Further, he has not made a showing of his likelihood of success on the merits. Plaintiff fails to show manifest error in the prior ruling or present new facts or legal authority for his position that could not have been brought to its attention earlier with reasonable diligence. Plaintiff's First Motion for Reconsideration (Dkt. 30) is denied.

### 2. Second Motion for Reconsideration (Dkt. 34)

In Plaintiff's Second Motion for Reconsideration (Dkt. 34), Plaintiff seeks reconsideration of the Court's February 8, 2016 Order to Amend or Show Cause (Dkt. 21). The Court declined to serve Plaintiff's Complaint but provided Plaintiff with leave to file an amended pleading by March 8, 2016. Dkt. 21.  In his Second Motion for Reconsideration, Plaintiff alleges

1  he is not versed in the law and challenges the Court's conclusion that Plaintiff had failed to

2  allege personal participation of the named defendants, stating:

3  > Where John-Doe is an instance of the Defendant Class Object; Eighth Amend is a method (Public) within that object; and charge is user-defined variable produced

4  > by a series of questions on a Complaint Interface while LIABLE is actually an integer value linked to an Enumerator which is encapsulated in the private data

5  > member section of the Defendant Class Object. Of course I would get a compiler-error because John Doe is misspelled in my second control structure.

6  Dkt. 34 at 2. The remainder of Plaintiff's Second Motion for Reconsideration contains

7  instructions on how to read the original complaint and restates the facts recited in his original

8  complaint. Dkt. 34 at 7-10.

9  Plaintiff has not met the standard outlined in Local Civil Rule 7(h). Plaintiff fails to show

10 a manifest error in the Court's prior ruling. Plaintiff also fails to provide new facts or legal

11 authority which relate to the deficiencies outlined in the Court's Order to Show Cause.

12 Moreover, Plaintiff complied with the Court's Order to Show Cause and filed his amended

13 complaint on February 17, 2016.

14 Dated this 14th day of March, 2016.

15

16

17 David W. Christel
   United States Magistrate Judge

18

19

20

21

22

23

24