UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER J. MCDANIELS,

          Plaintiff,

  v.

BELINDA STEWART, et al.,

          Defendants.

CASE NO. C15-5943 BHS

ORDER

This matter comes before the Court on the Report and Recommendations ("R&Rs") of the Honorable David W. Christel, United States Magistrate Judge (Dkts. 13, 25), and Plaintiff Peter McDaniels's ("McDaniels") objections to the R&Rs (Dkts. 22, 27).

**I. PROCEDURAL HISTORY**

On December 28, 2015, McDaniels filed a motion to proceed *in forma pauperis*. Dkt. 1. McDaniels is currently housed at Stafford Creek Corrections Center ("SCCC") and is proceeding *pro se*. *Id.* In the motion, McDaniels stated he has $27,000 from a settlement, $514.64 in cash on hand, $20.00 in a checking account, and $8,000 in a

Pilgrimage Fund. *Id.* at 1–2. McDaniels's prison trust account statement showed he had an average spendable balance of $1,046.30. *Id.* at 4.

Based on this information, Judge Christel ordered McDaniels to show cause why his motion should not be denied because it appeared McDaniels could afford to pay the filing fee. Dkt. 6. Judge Christel noted that McDaniels could pay the filing fee in lieu of responding to the show cause order. *Id.*

On January 25, 2016, McDaniels responded to the show cause order. Dkt. 7. McDaniels informed Judge Christel that he asked his brother to pay the filing fee. *Id.* at 1. McDaniels further stated that "although he may have enough money to pay the filing fee . . . he surely does not have the money to afford to prosecute this case through to full execution." *Id.* at 2.

On January 27, 2016, the full filing fee was paid and McDaniels's civil rights complaint under 42 U.S.C. § 1983 was filed. Dkts. 9, 12. McDaniels alleged violations of his constitutional rights due to the inadequacy of Halal meals provided by SCCC. Dkt. 9. Along with his complaint, McDaniels filed a motion for a preliminary injunction. Dkt. 10. McDaniels subsequently filed a motion for declaratory judgment, Dkt. 17, which Judge Christel construed as a second motion for a preliminary injunction, Dkt. 25.

On January 29, 2016, Judge Christel issued an R&R recommending the Court deny McDaniels's motion to proceed *in forma pauperis* as moot because McDaniels paid the filing fee. Dkt. 13. McDaniels filed objections to the R&R on February 9, 2016. Dkt. 22.

On February 8, 2016, Judge Christel screened McDaniels's complaint and found several deficiencies. Dkt. 21. Judge Christel ordered McDaniels to file an amended complaint or show cause by March 8, 2016. *Id.*

On February 10, 2016, Judge Christel issued a second R&R recommending the Court deny McDaniels's motions for a preliminary injunction without prejudice. Dkt. 25. Judge Christel concluded that McDaniels failed to show a likelihood of success on the merits or serious questions going to the merits because McDaniels had not filed an amended complaint and thus there was no cognizable claim in the case. *Id.* at 3.

On February 17, 2016, McDaniels filed an amended complaint and objections to the second R&R. Dkts. 27, 32.

## II. DISCUSSION

McDaniels objects to Judge Christel's recommendations with respect to his motion to proceed *in forma pauperis* and his motions for a preliminary injunction. Dkts. 22, 27. In the interest of judicial economy, the Court will address McDaniels's objections to both R&Rs in this order.

**A.    Legal Standard**

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

B.   **Motion to Proceed** *In Forma Pauperis*

McDaniels first objects to Judge Christel's recommendation that his motion to proceed *in forma pauperis* be denied as moot. Dkt. 22. McDaniels contends that "just because he has $400.00 doesn't mean he can afford the filing fee." *Id.* at 2. McDaniels further asserts that he is nearly broke and cannot afford to litigate this case without the benefit of 28 U.S.C. § 1915. Dkt. 22 at 3.

After reviewing McDaniels's objections, the Court agrees with Judge Christel that McDaniels's motion to proceed *in forma pauperis* is moot because McDaniels has paid the full filing fee. *See Price v. Bjelland*, 370 Fed. App'x 838, 840 (9th Cir. 2010); *Lipscomb v. Madigan*, 221 F.2d 798 (9th Cir. 1955) (per curiam). The Court therefore adopts the first R&R (Dkt. 13). To the extent McDaniels is unable to pay additional fees during the course of this litigation, nothing in this order precludes McDaniels from asking the Court to waive those fees.

C.   **Motions for Preliminary Injunction**

Next, McDaniels objects to Judge Christel's recommendation that his motions for a preliminary injunction be denied without prejudice. Dkt. 27. McDaniels asserts he has filed an amended complaint. *Id.*

When the second R&R was issued, McDaniels had not yet filed an amended complaint. *See* Dkt. 25 at 3. As a result, Judge Christel concluded there was no cognizable claim in the case and injunctive relief should be denied. *Id.* Because McDaniels has now filed an amended complaint, the Court declines to adopt the second R&R (Dkt. 25) and re-refers the matter to Judge Christel for further consideration.

### III. ORDER

Therefore, the Court having considered the R&Rs, McDaniels's objections, and the remaining record, does hereby find and order:

(1) The R&R on McDaniels's motion to proceed *in forma pauperis* (Dkt. 13) is **ADOPTED**; and

(2) The R&R on McDaniels's motions for a preliminary injunction (Dkt. 25) is **DECLINED**. This matter is **RE-REFERRED** to Judge Christel for further consideration.

Dated this 22nd day of March, 2016.

BENJAMIN H. SETTLE
United States District Judge