UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PETER J. MCDANIELS,<br><br>                Plaintiff,<br><br>    v.<br><br>BELINDA STEWART, et al.,<br><br>                Defendants. | CASE NO. 3:15-CV-05943-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 15, 2016 |

      The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Currently pending before the Court are Plaintiff Peter J. McDaniels' Motion for Preliminary Injunction and Motion for Declaratory Injunction ("Motions"), wherein Plaintiff requests injunctive relief. Dkt. 10, 17. [1].

      The Court concludes Plaintiff failed to show he will suffer irreparable harm in the absence of preliminary relief. Accordingly, the Court recommends the Motions be denied.

---

[1] On January 27, 2016, Plaintiff filed the Motion for Preliminary Injunction. Dkt. 10. On February 3, 2016, Plaintiff filed the "Motion for Declaratory Judgment." Dkt. 17. Plaintiff moved for the Motions to be combined, which the Court granted on February 10, 2016. Dkt. 16, 24. On February 10, 2016, the undersigned recommended the Motions be denied because there was no operative complaint in the record. Dkt. 25. Plaintiff filed an Amended Complaint on February 17, 2016, which placed an operative complaint in the record. *See* Dkt. 32. The District Judge assigned to the case declined to adopt the Report and Recommendation and referred the Motions back to the undersigned because there was now an operative complaint in the record. *See* Dkt. 40. The undersigned ordered Defendants to file a response to the Motions. Dkt. 66. Defendants filed a Response to the Motions on May 18, 2016. *See* Dkt. 69-73. Plaintiff filed his Reply on May 27, 2016. Dkt. 75-80.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Plaintiff, presently confined at the Stafford Creek Corrections Center ("SCCC"), alleges his constitutional rights have been violated due to the inadequacy of the Halal meals provided by Defendants. Dkt. 32. In the Motions, Plaintiff alleges Defendants are forcing him to purchase his own meat and entrée food items. Dkt. 10, p. 2. Plaintiff requests Defendants "make a simple substitution, on his current metabolic tray, and give him tuna, halal and/or Kosher meats, chic peas [sic], cottage cheese, and other foods that are already available." *Id.* at p. 9. Plaintiff also requests no forbidden meat be placed on his tray and states he should receive vegetable soup when the regular trays are getting "hearty meat soups." *Id.* Plaintiff asks for a therapeutic diet free of textured vegetable protein ("TVP"), with less sodium and carbohydrates from sugar. Dkt. 17, p. 5.

## MOTION FOR OVERLENGTH REPLY

Plaintiff's Reply, not including attached documents or declarations, is 11 pages long. Dkt. 75. Plaintiff filed a "Motion to File Overlength Motion" requesting permission to file the 11 page Reply and attached documents. Dkt. 74. Defendants did not respond to this request. The Court grants the "Motion to File Overlength Motion," and will consider Plaintiff's Reply.

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

1    The purpose of preliminary injunctive relief is to preserve the status quo or prevent
2  irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix*
3  *Software, Inc*., 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction
4  must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable
5  harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4)
6  "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20,
7  (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a
8  preliminary injunction is proper if [1] there are serious questions going to the merits; [2] there is a
9  likelihood of irreparable injury to the plaintiff; [3] the balance of hardships tips sharply in favor of
10 the plaintiff; and [4] the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072
11 (9th Cir. 2012). Under either test, the movant bears the burden of persuasion. *Mattel, Inc. v.*
12 *Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir. 2003).

13   Here, Plaintiff has not shown he will suffer irreparable harm in the absence of preliminary
14 relief, and therefore has not met the second prong of either test. First, Plaintiff seeks injunctive
15 relief because he is required to purchase his own meat to supplement his meals. Dkt. 10, 17. "In the
16 context of preliminary injunctive relief, irreparable harm is established when a plaintiff is unlikely
17 to be made whole by an award of monetary damages or some other legal remedy at a later date, in
18 the ordinary course of litigation." *Edge Games, Inc. v. Elec. Arts, Inc.*, 745 F. Supp. 2d 1101, 1117
19 (N.D. Cal. 2010) (*citing California Pharmacists Ass'n v. Maxwell–Jolly*, 563 F.3d 847, 851–52
20 (9th Cir.2009)). Plaintiff asserts injunctive relief is necessary because the prison officials are not
21 providing him with meals which mix his therapeutic meal plan with his religious meal plan. *See*
22 Dkt. 10, 17. Plaintiff states he is able to purchase food items in the prison commissary to
23 supplement his diet with acceptable forms of protein. *See* Dkt. 17, pp. 22-23. However, he must
24

use his own funds. *Id.* While Plaintiff may have to use his own funds, he is receiving adequate meals and has an opportunity to recover expenses if he prevails in this lawsuit. As Plaintiff can be made whole in the ordinary course of litigation, he has not shown irreparable harm.

Second, Plaintiff seeks injunctive relief because the diet options for both his medical and religious needs contain products (TVP and soy) to which he is allergic. *See* Dkt. 10, 17. The evidence fails to show Plaintiff has any food allergies or medical needs requiring a specialized diet. *See* Dkt. 70, Carney Declaration, ¶ 6 (Plaintiff "has not been documented by medical staff as having any allergy to soy or [TVP]" and thus "would not qualify for any allergy diet eliminating those foods"). Plaintiff has not been diagnosed with any allergies, nor have medical providers reported symptoms of hives, rash, anaphylaxis, or evidence of malnutrition. Dkt. 72, Hammond Declaration, ¶ 7. "In fact, [Plaintiff's] provider reported [Plaintiff] had actually gained weight." *Id.* Further, there is no evidence showing it is medically necessary for Plaintiff to receive metabolic/lighter fare meals. *See* Dkt. 71, Lystad Declaration, ¶ 5 (Plaintiff sent a request stating the sodium and salt in his Halal diet was unacceptable; he was informed he could change to a metabolic diet, which would override his Halal diet). As such, Plaintiff has not shown he is suffering irreparable physical harm because of the dietary options available at SCCC.

Third, Plaintiff seeks injunctive relief because his freedom to practice his religion is being infringed upon. Dkt. 10, 17. Plaintiff can choose to have the Halal diet, a therapeutic diet (which has not been prescribed), or the mainline "regular" diet. *See* Dkt. 70, Carney Declaration, ¶ 4; Dkt. 71, Lystad Declaration, ¶ 5. Further, Plaintiff is able to supplement his diet to meet his immediate dietary needs. *See* Dkt. 10, 17. Evidence of Plaintiff's commissary purchases show Plaintiff is able to purchase Halal summer sausage, tuna, and mackerel. Dkt. 70-4. Plaintiff also buys milk, cheese, and eggs, adding additional protein to his diet. *Id*; *See Patel v. U.S. Bureau of Prisons*, 515 F.3d

807, 814 (8th Cir. 2008) ("Requiring [the plaintiff] to purchase commissary meals does not significantly inhibit, meaningfully curtail, or deny [him] a reasonable opportunity to practice his religion."). As there are Halal options available, including supplementing his diet with commissary purchases, Plaintiff has not shown his alleged inability to practice his religion is causing irreparable harm.

For the above stated reasons, Plaintiff has not shown he will suffer irreparable injury in the absence of preliminary relief. Because Plaintiff has not shown he is "'likely to suffer irreparable harm in the absence of preliminary relief,' *Winter,* 129 S.Ct. at 374, we need not address the . . . remaining elements of the preliminary injunction standard." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

**CONCLUSION**

As Plaintiff failed to show he will suffer irreparable harm, he has not shown he is entitled to preliminary injunctive relief. Accordingly, the Court recommends the Motions (Dkts. 10, 17) be denied without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on July 15, 2016 as noted in the caption.

Dated this 24th day of June, 2016

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5