1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER J. MCDANIELS,

               Plaintiff,

    v.

BELINDA STEWART, et al.,

               Defendants.

CASE NO. 3:15-CV-05943-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: July 15, 2016

      Plaintiff Peter J. McDaniels, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Because it has been more than 90 days since the service of Plaintiff's Amended Complaint and because Plaintiff has not provided the Court with a current address for unserved Defendants Scott Frakes, Earl X. Wright, "Dieticians," and "Pat Does," the Court recommends Plaintiff's claims against these Defendants be dismissed without prejudice.[1]

---

[1] Plaintiff names several "Dieticians" and "Pat Does." *See* Dkt. 32. Plaintiff was ordered to provide the names and addresses of Defendants "Dieticians" and "Pat Does" on or before May 20, 2016. Dkt. 66. As Plaintiff has failed to respond to the Court's Order and identify Defendants "Dieticians" and "Pat Does," the Court recommends dismissing all "Dieticians" and "Pat Does" named in the Amended Complaint.

## BACKGROUND

On March 16, 2016, the Court directed service of Plaintiff's Amended Complaint on the named Defendants. Dkt. 36. The Clerk's Office mailed the Amended Complaint and waiver of service forms to the Defendants. However, waivers of service sent to Defendant Scott Frakes, Earl X. Wright, "Dieticians," and "Pat Does" were returned to the Court marked either "return to sender" or "could not identify." *See* Dkts. 37, 38, 39, 42, 44.

On April 19, 2016, the Court ordered Plaintiff to provide the identities and complete service address for unserved Defendants Frakes, Wright, "Dieticians," and "Pat Does" by May 20, 2016. Dkt. 66. Plaintiff failed to provide service addresses and comply with the Court's Order. The Court warned Plaintiff a failure to provide the names and addresses of Defendants Frakes, Wright, "Dieticians," and "Pat Does" would result in the Court recommending dismissal of the these Defendants. *Id.* Plaintiff has failed to respond to the Court's Order.

## DISCUSSION

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be made upon a defendant within 90 days after the filing of the complaint. Unless the plaintiff can show good cause for his failure to serve, the court shall dismiss the action without prejudice as to that defendant or shall extend the time for service. Fed. R. Civ. P. 4(m). Where a *pro se* plaintiff fails to provide accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). He has failed to do so by ignoring his duty to provide the Court with a current service address or an explanation of why he

1   is unable to comply with the Court's Order. A court cannot exercise jurisdiction over a defendant

2   without proper service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S.

3   97, 104 (1987); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685,

4   688 (9th Cir.1988) ("A federal court does not have jurisdiction over a defendant unless the

5   defendant has been served properly under Fed. R .Civ. P. 4").

6        Plaintiff has not provided a current address for Defendants Frakes, Wright, "Dieticians,"

7   or "Pat Does," nor has Plaintiff responded to the Court's Order in any other manner. Thus, the

8   Court recommends Plaintiff's claims against Defendant Frakes, Wright, "Dieticians," and "Pat

9   Does," be dismissed without prejudice for lack of personal jurisdiction.

10        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

11   fourteen (14) days from service of this Report and Recommendation to file written objections

12   thereto. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those

13   objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the

14   time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration

15   on July 15, 2016 as noted in the caption.

16        Dated this 27th day of June, 2016.

17

18   David W. Christel
     United States Magistrate Judge
19

20

21

22

23

24

REPORT AND RECOMMENDATION - 3