UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER J. MCDANIELS,

             Plaintiff,

     v.

BELINDA STEWART, et al.,

             Defendants.

CASE NO. C15-5943 BHS-DWC

ORDER ON PLAINTIFF'S MOTIONS
FOR EXTENSION OF TIME AND
APPOINTMENT OF EXPERT
WITNESS

Plaintiff Peter J. McDaniels, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff recently filed two Motions before this Court. The first Motion Plaintiff brings is titled: Motion for Specific Dispositive Stay and Discovery and Dispositive Deadline Extension ("Motion for Extension of Time"). Dkt. 89. The Court interprets this Motion as: (1) a request to stay all dispositive motions[1] and (2) a request to extend the deadline for completing

---

[1] Plaintiff requests staying "specific dispositive motions," but asks the Court to stay all dispositive motions related to the five issues stated in his Complaint. *See* Dkt. 32; Dkt. 89. Therefore, the Court finds Plaintiff's Motion for Extension of Time requests a stay on all dispositive motions.

1    discovery and the deadline for filing and serving dispositive motions. The second Motion Plaintiff

2    brings is titled: Motion for Appointment of Expert Witness and Special Master Rule 53 ("Motion

3    for Expert Witness"). Dkt. 90. Defendants oppose both Motions. *See* Dkt. 92; Dkt. 93.

4         After review of Plaintiff's Motions and the relevant record, Plaintiff's Motion for

5    Extension of Time is granted-in-part and Plaintiff's Motion for Expert Witness is denied.

6    **A. Plaintiff's Motion for Extension of Time**

7         Because the Court interprets Plaintiff's Motion for Extension of Time as a request for an

8    extension of time and a request for a stay, the Court addresses the requests individually.

9         *i.    Request for Extension of Time*

10        Plaintiff requests a six month extension of time on: (1) the deadline to complete discovery

11   and (2) the deadline to file and serve dispositive motions. *See* Dkt. 89, pg. 7. Currently, the

12   deadlines are set for October 26, 2016 and November 28, 2016 respectively. *See* Dkt. 68, pp. 1-2.

13   Plaintiff argues his pending state action and need for additional discovery time warrant an

14   extension. *See* Dkt. 89. The Court finds Plaintiff may need additional time due to his involvement

15   in a separate state action, but Plaintiff's request for six additional months is excessive. Therefore,

16   the Court grants Plaintiff's request for extension of time as follows: the date to complete discovery

17   and to file and serve dispositive motions will be extended by 45 days.

18        Accordingly, all discovery shall be completed by December 9, 2016. Any dispositive

19   motion shall be filed and served on or before January 23, 2017.

20        *ii.    Request for Stay on Dispositive Motions*

21        The Court's power to stay proceedings is "incidental to the power inherent in every court to

22   control the disposition of the causes on its docket with economy of time and effort for itself, for

23   counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). "A stay is

24

1   appropriate when it will serve the interests of judicial economy by allowing for development of

2   factual and legal issues, and when weighing of the hardships favors the granting of a stay." *Owen*

3   *v. Atkins*, No. C15-5375 BHS, 2015 WL 5826313, at *1 (Oct. 6, 2015) (*citing Lockyer v. Mirant*

4   *Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). However, the Ninth Circuit has cautioned "'if there is

5   even a fair possibility that the stay … will work damage to some one else,' the party seeking the

6   stay 'must make out a clear case of hardship or inequity.'" *Lockyer*, 398 F.3d at 1112 (*quoting*

7   *Landis*, 299 U.S. at 255).

8        Here, Plaintiff requests a stay on all dispositive motions until February 17, 2017. *See* Dkt.

9   89, pp. 1-7. Defendants oppose the stay and argue they are prepared to file their motion for

10   summary judgment. *See* Dkt. 92, pg. 3. Therefore, it is a fair possibility a stay would work damage

11   to Defendants by subjecting them to several months' worth of litigation expenses when they

12   believe a basis exists to dispose of Plaintiff's legal claims much sooner. Plaintiff has not made out

13   a clear case of hardship or inequity to justify the possible hardship Defendants face.

14        Plaintiff argues he may be transported to Grays Harbor for a pending state action and needs

15   more time to work on this case. *See* Dkt. 89, pp. 4-6. However, the Court finds these concerns are

16   appropriately addressed by extending the deadline for discovery and dispositive motion filing.

17        Further, the Court finds the interests of judicial economy are not best served by granting

18   Plaintiff's request. Thus, the Court denies Plaintiff's request for a stay on dispositive motions.

19   **B. Plaintiff's Motion for Expert Witness**

20        In Plaintiff's Motion for Expert Witness, he requests the Court to appoint an expert witness

21   pursuant to Fed.R.Evid. 706. *See* Dkt. 90. Additionally Plaintiff requests the Court to appoint a

22   master pursuant to Fed.R.Civ.P. 53. *Id.* The Court addresses each request below.

23

24

ORDER ON PLAINTIFF'S MOTIONS FOR
EXTENSION OF TIME AND APPOINTMENT OF
EXPERT WITNESS - 3

1        *i.*     *Request to Appoint Expert Witness*

2         Under Rule 706, "[o]n a party's motion or on its own, the court may order the parties to

3 show cause why expert witnesses should not be appointed." Fed.R.Evid. 706(a). This Rule allows

4 the Court to appoint a neutral expert. *See Gorton v. Todd*, 793 F.Supp.2d 1171, 1177 (E.D. Cal.

5 2011) ("The Rule only allows a court to appoint a neutral expert."). A court appointed expert "is

6 entitled to a reasonable compensation," which is paid "by the parties in the proportion and at the

7 time that the court directs." Fed.R.Evid. 706(c). The Ninth Circuit has interpreted Rule 706 to

8 permit a "district court to apportion all the cost to one side" when appropriate. *McKinney v.*

9 *Anderson*, 924 F.2d 1500, 1511 (9th Cir.1991), *aff'd on other grounds*, *Helling v. McKinney*, 509

10 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

11         The Court's decision "to appoint an expert witness under Rule 706 is discretionary."

12 *Gorton*, 793 F.Supp.2d at 1178. Some courts of appeal have required a district court to "expressly

13 articulate a reasoned explanation for its determination" when considering appointment of an expert

14 under Rule 706. *Gaviria v. Reynolds*, 476 F.3d 940, 945 (D.C. Cir. 2007) (*citing Quiet Tech. DC–*

15 *8, Inc. v. Hurel–Dubois UK Ltd.*, 326 F.3d 1333, 1348–49 (11th Cir. 2003)); *see also Hannah v.*

16 *United States*, 523 F.3d 597, 601 (5th Cir. 2008). Generally, "the most important question a court

17 must consider when deciding whether to appoint a neutral expert witness is whether doing so will

18 promote accurate factfinding." *Gorton*, 793 F.Supp2d. at 1179 (*citing* 29 Charles Alan Wright et

19 al., *Federal Practice and Procedure* § 6304 (3d ed. Supp. 2011)).

20         Plaintiff argues a medical expert is necessary to determine the extent of his soy intolerance.

21 *See* Dkt. 90, pp. 4-5. However, the Court finds Plaintiff's case does not require a factfinder to

22 consider "probing, complex questions concerning medical diagnosis and judgment," that would

23 justify an expert witness. *Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997). A factfinder can

24

properly evaluate Plaintiff's claims without an expert. Plaintiff allegedly suffered from bloating, flatulence, augmented breasts, swollen glands, and general sickness. Dkt. 32, pg. 13. These symptoms are not beyond a lay person's comprehension and a factfinder can decide whether Plaintiff had serious medical needs. *See Ledford*, 105 F.3d at 359-60 (finding nausea, dizziness, vomiting, a crawling sensation on the skin, unspecified emotional and mental regression, and depression were not beyond lay person's grasp and a court appointed expert was not necessary).

Furthermore, Plaintiff has not presented evidence showing he suffers from any food allergies or medical condition. *See* Dkt. 70, Carney Declaration, ¶ 6 (Plaintiff "has not been documented by medical staff as having any allergy to soy or [TVP]" and thus "would not qualify for any allergy diet eliminating those foods"). *See* Dkt 90, pg. 2. The lack of evidence demonstrating a serious dispute as to Plaintiff's alleged allergy signals to the Court an expert is not necessary. *See Gorton*, 793 F.Supp.2d at 1181 (recognizing there must be some evidence that demonstrates a serious dispute that could be resolved or understood through expert testimony in order to show such an expert is necessary).

Lastly, the Court recognizes Defendants would likely have to bear the entire cost. *See* Dkt. 90, pg. 2 (Plaintiff has spent remainder of his funds on food); *see also* Dkt. 84-1, pg. 6 (declaring Plaintiff's trust account spendable balance is at $24.23). Plaintiff does not make a showing it is fair to "require Defendants to bear the sole burden of paying an expert witness." *Saldana v. Sayre*, No. C 11-3921 LHK, 2013 WL 56704, at *1 (N.D. Cal. Jan. 3, 2013). Therefore, the Court does not find expert appointment is appropriate at this time.

  *ii.*  *Request to Appoint Special Master*

A district court may appoint a special master, but the special master can only be appointed to:

(A) Perform duties consented to by the parties;

(B) Hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:

    i.   Some exceptional condition; or

    ii.  The need to perform an accounting or resolve a difficult computation of damages; or

(C) Address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Fed.R.Civ.P. 53(a)(1)(A)-(C). Thus, "the judge's authority to make a referral under Rule 53, if not consented to by the parties, is limited. *Williams v. Lane*, 851 F.2d 867, 884 (7th Cir. 1988) (*citing La Buy v. Howes Leather Company*, 352 U.S. 249 (1957)).

The Court does not find any circumstance or condition present to warrant the appointment of a special master. Plaintiff argues a special master is needed to "supervise and coordinate the actions of prison officials to effectuate full compliance." Dkt. 90, pg. 12. Plaintiff is not clear on what the prison officials must comply with other than a vague reference to Washington law. *See* Dkt. 90 pg. 11. In short, Plaintiff fails to set forth a proper basis for appointment of a special master.

**C. Conclusion**

For the above stated reasons, Plaintiff's Motion for Extension of Time is granted-in-part and Plaintiff's Motion for Expert Witness is denied. All discovery must be completed by **December 9, 2016** and any dispositive motion shall be filed and served on or before **January 23, 2017**. Additionally, the Court will not consider any additional extension of time unless good cause is shown.

Dated this 2nd day of September, 2016.

_____

David W. Christel
United States Magistrate Judge