UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER J. MCDANIELS,

    Plaintiff,

v.

BELINDA STEWART, et al.,

    Defendants.

CASE NO. 3:15-CV-05943-BHS-DWC

ORDER DENYING MOTION TO FILE OVERLENGTH MOTION

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. This matter comes before the Court on Plaintiff's "Motion to File Overlength (sic) Local Rule CR7(f)" ("Motion"), wherein Plaintiff seeks permission to file a 64 page motion for injunctive relief. Dkt. 118.[1]

---

[1] Also pending before the undersigned are: (1) Plaintiff's Motion to File Overlength Motion (Response), which was ready for the Court's consideration on November 8, 2016; (2) Defendants' Motions for Summary Judgment and Motion to Stay Discovery and Plaintiff's Motion for Extension of Time, which are ready for the Court's consideration on November 18, 2016; and (3) Plaintiff's Motion for Appointment of Counsel and 2nd Motion for Preliminary Injunction, which are ready for the Court's consideration on November 25, 2016. *See* Dkt. 111, 117, 119, 122, 124, 127. Pending before District Judge Benjamin H. Settle is Plaintiff's Motion to Correct Scribner's Error. Dkt. 119.

Under Local Rules 7(e)(3) and 65(b)(2), a temporary restraining order or motion for preliminary injunction "must not exceed twenty-four pages in length." *See* Local Rule 65(b)(2). Plaintiff requests permission to file a 64 page motion for injunctive relief, which is 40 pages longer than allowed under the Local Rules. *See* Dkt. 118, 122. Plaintiff also attached 305 pages of exhibits to his 2nd Preliminary Injunction Motion. *See* Dkt. 122-1, 122-2. Plaintiff states he needs additional pages because he: is not trained in legal writing, does not know what the Court needs, cannot edit his work, has a tendency to provide extra case law, and is under a great amount of duress and just frantically writing. Dkt. 118. He also states he was allowed extra pages in college and his circumstances warrant leniency. *Id*.

Plaintiff has not shown he requires 40 extra pages to adequately argue the merits of his 2nd Preliminary Injunction Motion. In a conclusory fashion, Plaintiff states his circumstances warrant leniency, but does not explain why. *See* Dkt. 118. He also states he just frantically writes so one thought can easily take up a whole page, even if the page adds little merit. *Id.* Plaintiff should not simply write his thoughts; he must concisely show the Court why he is entitled to the specific relief he requests. Plaintiff's status as a *pro se* prisoner with limited knowledge in the law does not justify a 64 page motion for injunctive relief. The Court also notes Plaintiff has previously filed two motions for injunctive relief, which were denied, and continually files motions and responses with this Court which exceed the page limits allowed under the Local Rules. *See e.g.* Dkt. 10, 17, 74, 84, 95, 96, 103, 105, 128.

Accordingly, Plaintiff's Motion is denied. The Court will not consider Plaintiff's 2nd Preliminary Injunction Motion. The Clerk is directed to strike Plaintiff's 2nd Preliminary Injunction Motion from the record. Plaintiff may file a motion for a preliminary injunction that is 24 pages in length, including exhibits. The Court will not consider any pages beyond the 24

allowed. Plaintiff need not provide the Court with extra case law and should provide only the facts and allegations necessary to support his request for injunctive relief.

Dated this 17th day of November, 2016.

*[signature]*

David W. Christel
United States Magistrate Judge