UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER J. MCDANIELS,

               Plaintiff,

     v.

BELINDA STEWART, et al.,

               Defendants.

CASE NO. 3:15-CV-05943-BHS-DWC

ORDER

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. This matter comes before the Court on Plaintiff Peter J. McDaniels' "Motion to File Overlength (sic) Motion (Response)" ("First Motion for Excess Pages") "Motion for Appointment of (Pro Bono) Counsel" ("Motion for Counsel"), "Motion for Extension of Deadline Re: Responding to Defendant's Summary Judgment" ("Motion for Extension"), and "Motion to File Overlength (sic) Motion" ("Second Motion for Excess Pages"), and Defendants' Motion to Stay Discovery ("Motion to Stay"). Dkt. 117, 124, 127, 128, 134.[1]

After review of the record, the First Motion for Excess Pages is granted, the Motion for Counsel is denied, the Motion for Extension is granted-in-part, the Second Motion for Excess

---

[1] Also pending before the undersigned is Plaintiff's "Preliminary Injunction 3" (Dkt. 137) and "Motion to Stay Issue #2" (Dkt. 140), which are ready for the Court's consideration on December 16, 2016, and Defendants' Motions for Summary Judgment (Dkt. 111), which is now ready for the Court's consideration on January 6, 2017.

Pages is granted-in-part, and the Motion to Stay is denied. The Clerk is directed to re-note

Defendants' Motion for Summary Judgment for January 6, 2017.

## I.      First Motion for Excess Pages (Dkt. 134)

Plaintiff filed the First Motion for Excess Pages requesting the Court allow him to file an

eight page Reply to Defendants' Response to Plaintiff's Motion for Counsel ("Reply"), which is

two pages longer than allowed under the Local Rules. *See* Dkt. 134; Local Rule 7(e)(4) (the reply

brief shall not exceed six pages). Plaintiff states he needs the extra two pages because he is sick

and gets sidetracked responding to Defendants' conclusory statements. Dkt. 134. After review of

the record, Plaintiff's First Motion for Excess Pages (Dkt. 134) is granted. The Court will

consider Plaintiff's entire Reply when deciding Plaintiff's Motion for Counsel.

## II.      Motion for Counsel (Dkt. 117)

On October 31, 2016, Plaintiff filed his second Motion for Counsel. Dkt. 117.[2] No

constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d

1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569

(9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory").

However, in "exceptional circumstances," a district court may appoint counsel for indigent civil

litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*,

113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood

of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light

of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead

---

[2] Plaintiff's first motion requesting the appointment of counsel was denied without prejudice on February 16, 2016. *See* Dkt. 23, 26.

1  facts showing he has an insufficient grasp of his case or the legal issues involved and an

2  inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of*

3  *America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

4      In Plaintiff's Motion and Reply, he states appointed counsel is necessary because he is

5  unable to afford counsel and cannot prosecute this case without counsel. Dkt. 117, 135. He states

6  he is mentally and physically ill and cannot investigate his case. Dkt. 117.  Plaintiff also states he

7  is not legally trained and cannot effectively conduct discovery, research case law, or prepare

8  court filings. *See* Dkt. 117, 135.

9      At this time, Plaintiff has not shown, nor does the Court find, this case involves complex

10  facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his claims

11  in a fashion understandable to the Court or shown he is likely to succeed on the merits of his

12  case. The Court notes Plaintiff has adequately articulated his claims in the Amended Complaint,

13  and has filed several additional motions and responses which were understandable to the Court.

14  *See e.g.* Dkt. 10, 23, 32, 89, 90. The District Judge assigned to this case also found Plaintiff has

15  not shown he is likely to succeed on the merits of this case. *See* Dkt. 95. Further, "Plaintiff's

16  incarceration and limited access to legal materials are not exceptional factors constituting

17  exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of

18  difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D.

19  Wash. Apr. 24, 2009). Accordingly, Plaintiff's Motion for Counsel (Dkt. 117) is denied without

20  prejudice.

21  **III.    Motion for Extension (Dkt. 127)**

22      On November 3, 2016, Plaintiff filed the Motion for Extension requesting a 120-day

23  extension to respond to Defendants' Motion for Summary Judgment. *See* Dkt. 127, 131, 136.

24

1    Defendants do not oppose a one month extension of time. Dkt. 129. After consideration of the

2    Motion for Extension, Response, and Reply to the Motion for Extension, the Motion for

3    Extension (Dkt. 127) is granted-in-part as follows: Plaintiff shall have until January 3, 2017 to

4    file a response to Defendants' Motion for Summary Judgment. Defendants have until January 6,

5    2017 to file a reply. The Clerk is directed to re-note Defendants' Motion for Summary Judgment

6    for January 6, 2017.

7         **IV.     Second Motion for Excess Pages (Dkt. 128)**

8         Plaintiff filed the Second Motion for Excess Pages seeking permission to file, in response

9    to Defendants' Motion to Stay, an 18 page proposed response and a 15 page declaration with 31

10   pages of attached exhibits. Dkt 128 – 128-4. Plaintiff is requesting permission to file a 64 page

11   response to Defendants' 3 page Motion to Stay. He states his response is beyond the page limit

12   because his handwriting is larger than typed print, he had to rush to put together a response, and

13   he is not trained in the law. Dkt. 128.

14        Under Local Rule 7(e)(4), Plaintiff's response to Defendants' Motion to Stay may not

15   exceed 12 pages. Plaintiff's proposed response, with attachments, is 52 pages longer than

16   allowed under the Local Rules. The Court finds Plaintiff has not shown he needs 64 pages to

17   respond to Defendants' 3 page Motion to Stay. Accordingly, Plaintiff's Second Motion for

18   Excess Pages is granted-in-part. The Court will consider Plaintiff's 18 page proposed response

19   (Dkt. 128-1), but will not consider Plaintiff's declaration or attached exhibits, when considering

20   Defendants' Motion to Stay.

21        **V.      Motion to Stay (Dkt. 124)**

22        On November 2, 2016, Defendants filed the Motion to Stay requesting the Court stay all

23   discovery in this matter while their Motion for Summary Judgment is pending. Dkt. 124.

24

1 Plaintiff filed a response stating he has been unable to acquire the documents he needs and

2 asking the Court to deny the Motion to Stay. Dkt. 128-1.

3     The Court has broad discretionary powers to control discovery. *Little v. City of Seattle*,

4 863 F.2d 681, 685 (9th Cir. 1988). A court may relieve a party of the burdens of discovery while

5 a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), *amended at*

6 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984); *see also*

7 *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013)

8 (permitting a stay of discovery where a pending dispositive motion is (1) "potentially dispositive

9 of the entire case or at least dispositive of the issue on which discovery is sought" and (2) can be

10 decided without additional discovery).

11     Here, Defendants moved for summary judgment, arguing Plaintiff's entire case should be

12 dismissed with prejudice. Dkt. 111. Discovery is likely necessary for Plaintiff to adequately

13 respond to Defendants' Motion for Summary Judgment. Further, while Defendants allege

14 Plaintiff has served a large amount of discovery requests, Defendants do not contend there are

15 any outstanding discovery requests. The Court also notes all discovery in this case must be

16 completed by December 9, 2016, which is in ten days. *See* Dkt. 101, p. 2. Accordingly, the Court

17 finds Defendants have not shown a stay of discovery is warranted and Defendants' Motion to

18 Stay (Dkt. 124) is denied without prejudice.

19     Dated this 29th day of November, 2016.

20

21                               _____

22                               David W. Christel
                              United States Magistrate Judge

23

24