UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER J. MCDANIELS,

              Plaintiff,

     v.

BELINDA STEWART et al.,

              Defendants.

CASE NO. 3:15-CV-05943-BHS-DWC

ORDER GRANTING MOTION TO STAY AND GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. This matter comes before the Court on: (1) Plaintiff's "Motion to Stay Issue #2" (hereinafter "Motion to Stay," Dkt. 140) and (2) Plaintiff's Motion for Leave to Amend Complaint (hereinafter "Motion to Amend," Dkt. 144).[1] After review of the record, the Court grants both Motions.

---

[1] Also pending before the undersigned is: (1) Defendants' Motion for Summary Judgment (Dkt. 111) which was ready for the Court's consideration on January 6, 2017; (2) Plaintiff's Motion for Leave to File Excess Pages (Dkt. 153) which was ready for the Court's consideration on January 3, 2017; (3) Plaintiff's Motion to Compel (Dkt. 155) which is ready for the Court's consideration on January 20, 2017; and (4) Plaintiff's Motion for Surreply (Dkt. 160) which was ready for the Court's consideration on January 10, 2017. These matters will be addressed in a separate order. Plaintiff's Objection on the undersigned's Order Denying Plaintiff's Motion for Leave to File

1    **I.      Motion to Stay (Dkt. 140)**

2          Plaintiff moves for the Court to stay "issue #2" in his Complaint (Dkt. 32 at page 16-26),

3    which challenges the Department of Corrections regular practice of withholding necessary

4    medical care. Dkt. 140 at 1. Plaintiff argues separate litigation has been initiated in this District

5    similar to one of the legal issues raised in this case. *Id.* at 1-2. (citing *Haldane et al. v. Hammond*

6    *et al.,* Case No. 15-1810-RAJ). The prisoner-plaintiffs in *Haldane* seek certification as a class in

7    challenging the denial of medical care related to the Department of Correction's ("DOC") Care

8    Review Committee's withholding of necessary medical care from patients with serious and

9    painful medical conditions, specifically, the Care Review Committee's pre-approval process. *See*

10   *id.,* Dkt. 1 (Complaint); 81 (Motion for Class Certification). The proposed class in *Haldane*

11   includes "[a]ll future and current prisoners incarcerated under the jurisdiction of the Washington

12   DOC whose access to necessary medical care has been denial, or will be subject to denial, under

13   the Department's policies and practices governing access to healthcare requiring prior approval."

14   *Id.,* Dkt. 81 at 6. Plaintiff argues judicial economy and justice warrant the stay of this issue. *Id.* at

15   3-4.

16         "A district court has the discretionary power to stay proceedings in its own court."

17   *Lockyer v. Mirant Corp.*  398 F.3d 1038, 1109 (9th Cir. 2005) (citing *Landis v. North Am. Co.,*

18   299 U.S. 248, 254 (1936)).  In deciding whether to stay proceedings, the Court must weigh the

19   possible damage a stay may cause, the hardship a party may suffer by being required to go

20   forward, fairness and judicial economy.  *See Lockyer* 398 F.3d at 1110.  "A stay should not be

21   granted unless it appears likely the other proceedings will be concluded within a reasonable

22   time."  *Levya v. Certified Grocers of California, Ltd*., 593 F.2d 857, 864 (9th Cir. 1979).

23   _____

24   Overlength Motion and Directing the Clerk to Strike Plaintiff's 2nd Motion for Preliminary Injunction is also pending
     before District Judge Benjamin H. Settle. Dkt. 143.

1    Defendants assert Plaintiff is not an actual named Plaintiff in *Haldane,* and while the

2    *Haldane* plaintiffs have recently filed a motion for class certification, the Court's decision

3    regarding certification will not happen for months. Dkt. 146 at 9. Defendants argue final

4    resolution of *Haldane* is not in the foreseeable future, which "flies in the face of [Plaintiff's]

5    claims" asserting deteriorating health. *Id.* Defendants assert requiring them to continue to litigate

6    Plaintiff's medical claims, which they allege could take more than a year, would result in a

7    hardship. *Id.* Defendants also contend they have filed their Motion for Summary Judgment,

8    noting there is no evidence to support Plaintiff's need for allergy testing. *Id.*

9    Although Plaintiff is not a named plaintiff in *Haldane,* a decision on the Motion for Class

10   Certification is likely to occur in the foreseeable future and is ready for the Court's consideration

11   on February 17, 2017. *Haldane,* Case No. 15-1810 at Dkt. 81 (Motion for Class Certification). If

12   class certification is granted, Plaintiff may be included as a member of that class. At such a time,

13   Plaintiff may elect to be a member of the class if it is certified, or opt-out and proceed with his

14   own case. Moreover, as discussed below, the Court grants Plaintiff leave to amend his complaint,

15   and Defendants' Motion for Summary Judgment (Dkt. 111) attacks his First Amended

16   Complaint (Dkt. 32), which will  no longer be the operative complaint in this matter upon the

17   filing of a second amended complaint. Thus, Defendants will not suffer any prejudice or hardship

18   due to a brief stay of this matter.

19   Under these circumstances, the Court concludes staying this action pending resolution of

20   class certification in *Haldane* promotes judicial economy and does not prejudice Defendants.[2]

21   Therefore, the Court grants Plaintiff's Motion to Stay (Dkt. 140), and this matter is stayed until

22   

23   [2] The Court notes Plaintiff only moves to stay "issue #2." Dkt. 140. However, the Court finds a stay of the
     entire action is most efficient for its own docket. *See Mediterranean Enters., Inc. v. Ssangyong Corp.,* 708 F.2d

24   1458, 1465 (9th Cir. 1983) (a federal district court "possesses the inherent power to control its own docket and
     calendar").

ORDER GRANTING MOTION TO STAY AND
GRANTING MOTION FOR LEAVE TO AMEND
COMPLAINT - 3

March 31, 2017. Plaintiff is directed to file a status report on or before March 24, 2017 advising the Court of the status of class certification in *Haldane.* The parties are advised until the stay is lifted, the Court will not consider any future filings, aside from the status report. The Court may strike any pleading that does not comply with this Order.

## II.    Motion to Amend (Dkt. 144)

Plaintiff's First Amended Complaint alleges Defendants violated his constitutional rights related to his Halal diet, allergies to soy and textured vegetable protein ("TVP"), being served rotten meat, and his religious practices. Dkt. 32. Plaintiff now seeks leave to amend his First Amended Complaint (Dkt. 32) to remove Defendants McCarty, Frakes, Wright, DOC Care Review Committee (as an entity),[3] and all municipal liability claims. Dkt. 144. Plaintiff also seeks to clarify his retaliation claim and his claim related to the deprivation of fresh milk for six months. Dkt. 144. Defendants object to the amendment arguing futility. Dkt. 146.

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend the party's pleading once as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The Court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(1)(A)(B) and (2).  After a responsive pleading has been filed, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez v. Newport Beach City*, 125 F.3d

---

[3] The Court notes the named defendants in *Haldane* are Steven Hammond, Chief Medical Officer of the Washington DOC, and Dan Pacholke, Secretary of the Washington DOC. *See Haldane et al. v. Hammond et al.,* Case No. 15-1810-RAJ. Plaintiff names Steven Hammond as a defendant in this cause of action. *See* Dkt. Thus, Plaintiff's removal of the DOC Care Review Committee as a Defendant does not affect the nature of Plaintiff's claim as it relates to the *Haldane* case.

777, 786 (9th Cir. 1997).  Further, the Ninth Circuit "established that a *pro se* litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that [the deficiencies] cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The denial of a motion for leave to amend pursuant to Rule 15(a) is reviewed "for abuse of discretion and in light of the strong public policy permitting amendment." *Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993).

The Court finds allowing Plaintiff to amend his First Amended Complaint will not result in undue delay; as stated above, the Court grants Plaintiff's Motion to Stay pending the resolution of class certification in *Haldane*. Second, it is not clear from Plaintiff's proposed second amended complaint that he would not be entitled to any relief. *See* Dkt. 144-1. Furthermore, the Court must also provide Plaintiff with the opportunity to amend his complaint, as Plaintiff, a *pro se* litigant, attempts to cure deficiencies in his First Amended Complaint raised by Defendants' Motion for Summary Judgment. *See id;* Dkt. 111. *See also Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992) (the Court liberally construes a pro se pleading); *Block*, 832 F.2d at 1135-36.  For example, Plaintiff seeks leave to amend to clarify his retaliation claim and the alleged denial of fresh milk, both of which were not originally addressed in Defendants' Motion for Summary Judgment (Dkt. 111) and instead, raised in Defendants' Reply (Dkt. 159).[4]

Accordingly, the Court finds justice requires Plaintiff be granted leave to amend. The Clerk is directed to docket Plaintiff's proposed second amended complaint (Dkt. 144-1) as his Second Amended Complaint.

Plaintiff is advised the Second Amended Complaint will operate as a complete substitute for (rather than a mere supplement to) the First Amended Complaint (Dkt. 32).  In other words,

---

[4] *See State of Nev. v. Watkins,* 914 F.2d 1545, 1560 (9th Cir. 1990) ("[Parties] cannot raise a new issue for the first time in their reply briefs.") (citations omitted)). *See also* Plaintiff's Motion for Surreply. Dkt. 160.

1  an amended complaint supersedes the original in its entirety, making the original as if it never

2  existed.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Reference to a prior

3  pleading or another document is unacceptable.

4      Dated this 13th day of January, 2017.

5

6      _____

7      David W. Christel
       United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24