UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PETER J. MCDANIELS,<br><br>    Plaintiff,<br><br>    v.<br><br>BELINDA STEWART et al.,<br><br>    Defendants. | CASE NO. 3:15-CV-05943-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: FEBRUARY 10, 2017 |

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendants' Motion for Summary Judgment ("Motion").[1] Dkt. 111.

Defendants filed the Motion on October 19, 2016 asserting Plaintiff's First Amended Complaint (Dkt. 32) should be dismissed as there are no genuine issues of material fact in this action and Plaintiff's claims fail as a matter of law. Dkt. 111.

---

[1] Also pending before the undersigned is Plaintiff's Motion to Compel (Dkt. 155), which is ready for the Court's consideration on January 20, 2017, and will be addressed in a separate order. Plaintiff's Objection on the undersigned's Order Denying Plaintiff's Motion for Leave to File Overlength Motion and Directing the Clerk to Strike Plaintiff's 2nd Motion for Preliminary Injunction is also pending before District Judge Benjamin H. Settle. Dkt. 143.

REPORT AND RECOMMENDATION - 1

On November 3, 2017, Plaintiff filed a Motion for Extension, which was granted in part, and Defendants' Motion was re-noted for January 6, 2017. Dkt. 142 (granting Plaintiff until January 3, 2017 to file a response). On November 30, 2017, Plaintiff moved to amend his First Amended Complaint. Dkt. 144. The Court reviewed the Motion to Amend and found the interest of justice required allowing Plaintiff to file a second amended complaint. Dkt. 164. On January 13, 2017, Plaintiff's Second Amended Complaint was docketed. Dkt. 165.

An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Defendants Motion attacks the Amended Complaint, which is now "non-existent." Further, after review of the Second Amended Complaint, Plaintiff removed Defendants and clarified his claims. Dkt. 165. Therefore, Defendants will be required to respond to the Second Amended Complaint.

Accordingly, the undersigned recommends denying Defendants' Motion as moot, but allowing Defendants to re-file a motion for summary judgment based on the allegations contained in the Second Amended Complaint at the expiration of the stay pending resolution of class certification in *Haldane et al. v. Hammond et al.,* Case No. 15-1810-RAJ. *See* Dkt. 164. *See Bacon v. Reyes*, 2013 WL 3893254 (D. Nev. July 26, 2013) (denying motion for summary judgment as moot based on the filing of an amended complaint); *Nelson v. City of Los Angeles*, 2015 WL 1931714, *22 (C.D. Cal. Apr. 28, 2015) (recommending summary judgment motions be denied without prejudice to their reassertion after the plaintiff was given leave to amend because the motions for summary judgment were based on the original complaint); *Farkas v. Gedney*, 2014 WL 5782788, *3 (D. Nev. Nov.6, 2014) ("[B]ecause granting [plaintiff's] motion

for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint."). *See also* Dkt. 163 (Report and Recommendation on Plaintiff's Third Motion for Preliminary Injunction). The Court also recommends denying Plaintiff's Motion for Leave to File Excess Pages (Dkt. 153) and Plaintiff's Motion for Surreply (Dkt. 160) as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 10, 2017, as noted in the caption.

Dated this 18th day of January, 2017.

David W. Christel
United States Magistrate Judge