UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER J. MCDANIELS,

          Plaintiff,

v.

BELINDA STEWART, et al.,

          Defendants.

CASE NO. C15-05943-BHS-DWC

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 163), and Plaintiff's objections to the R&R (Dkt. 170).

Plaintiff, a prisoner at the Stafford Creek Corrections Center ("SCCC"), alleges his constitutional rights have been violated due to the inadequacy of the Halal meals provided by Defendants. Dkt. 32. Plaintiff has twice previously moved for injunctive relief and been denied by the Court. Dkts. 10, 17, 82, 95.

On September 14, 2016, Plaintiff moved for reconsideration on the Court's order denying his first and second motions for a preliminary injunction. Dkt. 103. In his motion for reconsideration, Plaintiff asserted his religious rights were being violated by

ORDER - 1

1    Defendants when they mixed forbidden foods with acceptable foods on the same tray or
2    meal and when Defendants required Plaintiff to consume textured vegetable protein
3    ("TVP") meals. *See* Dkt. 82 at 2. In his motion, Plaintiff conceded preliminary relief on
4    the TVP issue was premature, but asserted his "no-mixing" claimed warranted
5    preliminary injunctive relief. Dkt. 103 at 1–2.

6         On October 12, 2016, the Court denied reconsideration, stating: "while [Plaintiff]
7    may have obtained additional and sufficient evidence to support preliminary relief, the
8    Court concludes that the proper procedure for presenting this evidence and argument is a
9    new motion for preliminary relief. In a new motion, [Plaintiff] can concentrate on his 'no-
10   mixing' theory, and Defendants will have proper notice and opportunity to be heard on
11   these issues." Dkt. 110 at 2.

12        On November 23, 2016, Plaintiff filed a third motion for preliminary injunction.
13   Dkt. 137. Defendants responded to Plaintiff's third motion for a preliminary injunction
14   and filed several declarations in opposition. Dkts. 146–49. On January 12, 2017, Judge
15   Christel issued his R&R denying Plaintiff's motion. Dkt. 163. On January 23, 2017,
16   Plaintiff objected. Dkt. 170.

17        The district judge must determine de novo any part of the magistrate judge's
18   disposition that has been properly objected to. The district judge may accept, reject, or
19   modify the recommended disposition; receive further evidence; or return the matter to the
20   magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

21        The Court's previous order denying Plaintiff's first and second motions for
22   preliminary injunction stated that Plaintiff was free to file a new motion for preliminary

injunction based on purported new evidence. Dkt. 110 at 2. Nonetheless, the Court reaffirmed that Plaintiff had failed to show that he would suffer any irreparable injury or a likelihood of success on his claims. *Id.*; *see also* Dkt. 95 at 2. Nothing Plaintiff has added to his present motion cures the previously addressed inadequacies of his "no-mixing" theory. Plaintiff has still failed to show that he will suffer irreparable harm in the absence of preliminary relief. The evidence still indicates that he is being provided supplementary foods when requested and that he is also able to purchase additional foods from the commissary if needed.

Additionally, while Plaintiff introduces hearsay evidence in his reply, this evidence does not convince the Court that the reportedly Halal meals provided by the DOC are, in fact, not Halal. Moreover, to the extent this argument is raised in reply, such "[a]rguments not raised in the opening brief are ordinarily waived." *Mesa Grande Band of Mission Indians v. Salazar*, 657 F. Supp. 2d 1169, 1173 (S.D. Cal. 2009) (citing *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006)). While "a district court has the discretion to consider an argument first raised in a reply brief," *Lane v. Dep't of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008), such review is discretionary.

Finally, while Plaintiff objects to the fact that Judge Christel limited the length of his motion (including exhibits) to twenty-four pages, the Court has already entered an order regarding the length of Plaintiff's motion and the attached exhibits. *See* Dkt. 171. Judge Christel has wide discretion in controlling the length of filings in his cases and Plaintiff has not shown an abuse of that discretion.

Therefore, the Court having considered the R&R, Plaintiff's objections, and the remaining record, it is **ORDERED** that:

(1) The R&R (Dkt. 163) is **ADOPTED**; and

(2) Plaintiff's third motion for a preliminary injunction (Dkt. 137) and his objections to the R&R (Dkt. 170) are **DENIED**.

Dated this 7th day of March, 2017.

BENJAMIN H. SETTLE
United States District Judge