UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER J. MCDANIELS,

        Plaintiff,

v.

BELINDA STEWART et al.,

        Defendants,

CASE NO. 3:15-CV-05943-BHS-DWC

ORDER ON SEVERAL MOTIONS

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. Presently before the Court are several motions filed by Plaintiff: (1) Motion to Compel (Dkt. 155); (2) Motion for Extension of Time (Dkt. 178); (3) Motion to Allow Appeal to Proceed on Preliminary Injunction (Dkt. 182); (4) Motion for Leave to Appeal In Forma Pauperis (Dkt. 183); (5) Motion for Leave to File Excess Pages – Reply to Defendants' Response to Plaintiff's Motion to Allow Appeal to Proceed on Preliminary Injunction. (Dkt. 193)

and (6) Motion for Leave to File Excess Pages – Response Defendants' Motion to Lift Stay (Dkt. 196).[1] Defendants also filed a Motion to Lift Stay (Dkt. 194).

Plaintiff, presently confined at the Stafford Creek Corrections Center ("SCCC"), alleges in his Second Amended Complaint his constitutional rights have been violated due to the inadequacy of the Halal meals provided by Defendants, allergies to soy and textured vegetable protein ("TVP") and being served rotten meat thereby infringing on his religious practices. Dkt. 165.

On January 13, 2017, the Court stayed this matter until March 31, 2017 pending resolution of class certification in another pending case, *Haldane et al. v. Hammond et al.,* Case No. 15-1810-RAJ. Dkt. 164. The Court directed Plaintiff to file a status report on or before March 24, 2017, advising the Court of the status of class certification in *Haldane.*[2] *Id.* On March 14, 2017, Plaintiff filed a status report, stating he wished to proceed in this case, on his claim for damages in this case. Dkt. 176.[3] Thus, the Court finds that the stay is lifted as of March 31, 2017 and proceeds to consider the pending motions in this case. Defendants' Motion to Lift Stay (Dkt. 194) is granted.

---

[1] Also pending before the Court are Plaintiff's (1) Motion to Direct Service (Dkt. 190) and (2) Motion for Substitution (Dkt. 191) which are ready for the Court's consideration on May 5, 2017.

[2] As of April 26, 2017, Plaintiff's Motion to Certify Class (Case No. 15-1810, Dkt. 81) is still pending.

[3] In his Response to Defendants' Motion to Lift Stay (Dkt. 195), Plaintiff states he agrees the Court should lift the stay in part, "only on the stipulation that the death of Mr. Williamson is worked – through in a timely and professional manner. This means that the defendants must file a proper suggestion of death …." Dkt. 195 at 1. However, this argument is not properly before the Court as a Response to Defendants' Motion to Lift Stay and the Court declines to consider it at this time. In addition, Plaintiff states he needs more time to address Defendants discovery responses. Dkt. 195 at 3. If Plaintiff seeks an extension of the discovery or dispositive motion deadline, he must seek such relief in a separate motion and the Court declines to consider his arguments at this time.

**A. Motion to Compel (Dkt. 155)**

Plaintiff alleges Defendants' responses to Plaintiff's Requests for Admission, Requests for Interrogatories, and Requests for Production of Documents to Defendants Perdue, Carney, DOC, Smith, Parker and Hammond are insufficient. Dkt. 155. Defendants agree to supplement some of the discovery responses, but dispute the remaining requests arguing they are duplicative, cumulative, can be obtained from another more convenient source, and the burden outweighs any likely benefit in resolving the issues alleged in Plaintiff's Second Complaint.[4] Dkt. 161.

Defendants agree to supplement the responses to Requests for Admissions to Defendant Perdue: 13, 23, 24, 30, 31, 31, 32, 33, 40, 45, 69, 80, 81, 97, and 99; Requests for Interrogatories to Defendant Perdue 14 and 15; Requests for Admission to defendant Carney: 28, 29; Requests for Admission to Defendant DOC: 30, 31, 32, 33, 34, 35, 92, 93, 94, 96, 97, 98, 99 and 100. Dkt. 161. Thus, the discovery issues in dispute are: (1) Defendant Perdue: Requests for Admission: 17, 92, 94; Interrogatory 22; Request for Production of Documents: 1; (2) Defendant Smith: Requests for Admission: 19, 45; Interrogatories: 2, 9; (3) Defendant Parker: Requests for Admission: 9; 10, 11, 12, 13; (4) Defendant Hammond: Interrogatory 10; (5) Defendant DOC: Requests for Admission: 25, 26, 27, 28, 29, 40, 41, 51, 52, 53, 54, 55, 56, 70, 86, 87, 88.

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other

---

[4] Defendants also argue Plaintiff did not discuss his discovery requests with Defendants' counsel prior to filing his Motion to Compel. Dkt. 161. However, Defendants do not object to Plaintiff's Motion to Compel on the basis Plaintiff failed to meet and confer. *See* Dkt. 161. Moreover, in his Reply, Plaintiff contends he has attempted to contact Defendants' counsel, but his attempts have been unavailing. Dkt. 167. Thus, a liberal construction of Plaintiff's Motion to Compel is he has satisfied the meet and confer requirement.

tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

When a party fails to answer an interrogatory under Rule 33 or fails to permit inspection of documents under Rule 34, the requesting party may move the court for an order compelling discovery. Fed. R. Civ. P. 37(a)(3). For purposes of such a motion, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Furthermore, a court must limit the frequency or extent of discovery . . . [when] the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(1)(C). A party is only required to produce documents in response to a request for production where those documents are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a).

1. **Defendant Perdue**

    a. **Requests for Admission #17**

    **Admit #17:** The plaintiff is NOT asking the DOC to mix his metabolic diet with the CI "Halal" precooked, frozen meals in divided trays (AKA: TV-Dinners).

    **OBJECTION:** This request is vague and confusing, as it is unclear what Plaintiff is asking.

Defendants object to this request as Plaintiff appears to be requesting Defendant Perdue determine what claims Plaintiff is raising in this cause of action. Dkt. 161 at 3. Defendants contend Plaintiff has the ability to address Defendants' arguments through responses to their motions. *Id.* The Court agrees. Plaintiff is not entitled to have Defendants interpret his claims

through discovery responses. Plaintiff may raise such arguments in response to a dispositive motion. The Motion to Compel on this request is denied.

### b. Request for Admission #92

**Admit #92:** The inmate kitchen staff are willing and able to switch non-halal foods out for halal foods after pulling the plaintiff's tray from the "passive" conveyor system.

**RESPONSE:** Halal meals do not come off of the conveyor system.

Defendants object to this request on the basis Plaintiff appears to be asking whether inmates are willing to do something and Defendant Perdue does not have this information. Dkt. 161 at 3. The Court agrees it cannot compel Defendant Perdue to infer or speculate as to what inmate kitchen staff would or would not be willing to do. However, it appears Plaintiff is asking whether non-halal can be replaced with halal foods during meal service. To this extent, the Motion to Compel is granted, in part. Defendants shall provide Plaintiff with a supplemental response, addressing whether non-halal foods can be replaced with halal foods during meal service.

### c. Request for Admission #94

**Admit #94:** Many of the items, weekly, from the plaintiff's tray are either removed from his tray or his tray is picked-up prior to that item (i.e. potatoes, roll, etc.) being placed on the tray, and then they replace the removed or [withheld] item with other items like corn, sugar substitute, vegetables, etc.

**OBJECTION:** This request is vague and confusing, as it is unclear what Plaintiff means.

Defendants state it appears Plaintiff wants to understand how his metabolic tray is assembled, and whether items are removed from the mainline diet to produce the metabolic diet. Dkt. 161 at 3. Defendants, however, argue this is not the question asked and this request is unclear and confusing. Dkt. 161 at 3. The Court agrees Plaintiff's request is unclear. However, as Defendants point out, they appear to understand the underlying nature of this request for

admission. Plaintiff's Motion to Compel on this request is granted, in part. Defendants shall provide Plaintiff with a supplemental response, addressing whether items are removed from plaintiff's meal tray to produce the metabolic diet.

### d. Interrogatory #22

**Inter #22:** For the week one standardized menu, please explain, for Tuesday morning, exactly at what point the diet line worker extracts the tray from the "passive" conveyor system (or otherwise accomplishes procuring a tray) and then explain how he prepares the rest of the meal. Where are the foods that are substituted kept, and how does he get these foods (i.e. sugar substitute, bread, peanut-butter etc.)

**OBJECTION:** This request is vague and confusing, as it is unclear what Plaintiff means.

Defendants state it appears Plaintiff wants to understand how his metabolic tray is assembled, and whether items are removed from the mainline diet to produce the metabolic diet. Dkt. 161 at 4. Defendants, however, argue this is not the question asked and this request is unclear and confusing. Dkt. 161 at 4. The Court agrees Plaintiff's request is unclear. However, as Defendants point out, they appear to understand the underlying nature of this request. Plaintiff's Motion to Compel on this request is granted, in part. Defendants shall provide Plaintiff with a supplemental response, addressing how his metabolic meal tray is assembled, including the location of the substitute foods.

### e. Request for Production of Documents #1

**RFPD #1:** Please provide a copy of any documents you used to track SCCC Kitchen inmate workers' man-hours for the 3rd quarter (July, Aug., Sept.) of 2016.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

Defendants state in another discovery request plaintiff was advised the SCCC kitchen does not track the amount of time it takes staff to prepare meal trays. Dkt. 161 at 4. The Court

agrees this request is duplicative, overly broad and is not relevant nor is it likely to lead to the discovery of relevant evidence on the issue of whether Plaintiff's constitutional rights have been violated due to the inadequacy of his halal diet, allergies to soy and TVP, and being served rotten meat, thereby infringing on his religious practices. *See* Dkt. 165. The Motion to Compel on this request is denied.

**2. Defendant Smith**

    **a. Request for Admission #19**

    **ADMIT #19:** Male inmates at SCCC, that qualify under DOC policy, are provided a bra and other feminine items at no cost.

    **RESPONSE:** I don't know.

Plaintiff is not challenging the denial of a bra or other feminine items in this cause of action. Thus, this request is not relevant nor is it likely to lead to the discovery of relevant evidence. The Motion to Compel on this request is denied.

    **b. Request for Admission #45**

    **ADMIT #45:** The CI Halal menu has several items that include TVP – including many of the main dishes.

    **RESPONSE:** I don't know the specifics of the Halal menu.

Defendants object as Plaintiff has already received a grievance response from defendant Carney, the Department of Corrections Dietician, indicating some of the products contain TVP and/or soy. Dkt. 161 at 5. Defendants also assert Defendant Smith is a medical provider, who does not have knowledge as to the contents of meal dishes. *Id.* This request seeks information which has already been provided to Plaintiff. Thus, the Motion to Compel is denied on the ground the request is duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

### c. Interrogatory #2

**Interr #2:** Please explain your educational history (post high school) to include School names, years attended, grades averaged, degrees and certificates earned. Please provide each for each school.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

**ANSWER:** Without waiving the above objections, I graduated from medical school in 2006, from residency in 2009.

Plaintiff asserts he requires this information because he was injured by Defendant Smith due to a lack of "academic integrity." Dkt. 155 at 10-11. Plaintiff disputes whether Defendant Smith has a degree in Medical Sciences. *Id*. The Court agrees with Defendants the information sought in this interrogatory is not related to an action which contends Defendants violated Plaintiff's constitutional rights based on the inadequacy of Halal meals, allergies to soy and TVP, and serving rotten meat thereby infringing on his religious practices. Plaintiff's Second Amended Complaint does not challenge Defendant Smith's qualifications to practice medicine. The Court sustains Defendants' objection on the grounds the request is overly broad. The Motion to Compel on this request is denied.

### d. Interrogatory #9

**Interr #9:** Please list every single incident, by date, that the plaintiff has had blood drawn while incarcerated at SCCC since February 2012, and then describe with medical terms (and a laymen's explanation of what the test was for) each of those blood draws in detail.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

**ANSWER:** Without waiving the above objections, this information is available to Plaintiff in his medical file.

As Plaintiff can obtain this information from his own medical records, the Court denies this request. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

**3. Defendant Parker**

**a. Request for Admission #9**

**ADMIT #9:** Aramark's corporate headquarters is in Pennsylvania.

**RESPONSE:** I do not know where Aramark's corporate headquarters are.

**b. Request for Admission #10**

**Admit #10:** FSA's corporate headquarters is in Arizona.

**RESPONSE:** I do not know where FSA's corporate headquarters are.

**c. Request for Admission #11**

**Admit #11:** 80% or more of the products related to food services are purchased from companies having their corporate/main business headquarters in Washington State.

**RESPONSE:** I am not sure what the percentage of products purchased by food services is from companies whose corporate/main business headquarters are in Washington State.

**d. Request for Admission #12**

**Admit #12:** 65% or more of the products purchased by CI food services are purchased from companies having their corporate/main business headquarters in Washington State.

**RESPONSE:** I am not sure what the percentage of products purchased by CI food services is from companies whose corporate/main business headquarters are in Washington State.

**e. Request for Admission #13**

**Admit #13:** 40% or more of the products purchased by CI food services are purchased from companies having their corporate/main-business headquarters in Washington State.

**RESPONSE:** I am not sure what the percentage of products purchased by CI food services is from companies whose corporate/main business headquarters are in Washington State.

Plaintiff contends Defendant Parker brags "$7.82 million of our raw material purchases are from businesses right here in Washington State!" Dkt. 155 at 11-12. Plaintiff contends this information is relevant to the "integrity of Correctional Industries" and the motive in depriving him of a sound diet. *Id.* Requests for Admission #9-13 do not appear reasonably calculated to lead to the discovery of admissible evidence as there are no claims related to Aramark, FSA or the source of food products purchased by the Department of Corrections in this action. Accordingly, the Motion to Compel on this request is denied.

4. **Defendant Hammond**

   a. **Interrogatory 10**

   **Interr #10:** Please provide the names and job titles of the persons that authorized the removal of the soy free diet, in (approx.) 2013, or earlier from DOC policy "DOC 13-041 (06/21/2012) POL." This Health Status Report (HSR) form was changed from the (09/19/2011) version.

   **ANSWER:** A soy free diet was never on the DOC 13-041 POL HSR form.

   This question was answered by Defendant Hammond. Although Plaintiff contends Defendant Carney admitted there was a soy-free diet, Dkt. 155 at 13-14, other than his own assertion, Plaintiff has not provided the Court with any evidence indicating this response is erroneous. Thus, the Motion to Compel on this request is denied.

5. **Defendant DOC**

   a. **Request for Admission #25**

   **Admit #25:** CI profits off of its sale of goods generally.

1 | **OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

    b. **Request for Admission #26**

**Admit #26:** Stakeholders profit off of CI sales to correctional-institution customers.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

    c. **Request for Admission #27**

**Admit #27:** Stakeholders have a roll in policy making.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

    d. **Request for Admission #28**

**Admit #28:** Stakeholders have a roll in policy authorization.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

    e. **Request for Admission #29**

**Admit #29:** Stakeholders have a roll in policy maintenance.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

Plaintiff argues Requests for Admission #25-29 are relevant to whether Correctional Industries and its stakeholders are profiting because "resources is one of their defenses." Dkt. 155 at 14. Defendants argue the information sought is irrelevant and the fact an individual is a stakeholder in a policy is not enough to show they personally participated in the conduct. Dkt. 161 at 10. The relevance of the Correctional Industries profits and its stakeholders to Plaintiff's

medical treatment and freedom to exercise his religion are not obvious to the Court and Plaintiff has not made a showing to the contrary. Thus, the Motion to Compel on Requests for Admission #25-29 is denied.

    **f. Request for Admission #40**

**Admit #40:** CI has a contract with DOC.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

    **g. Request for Admission #41**

**Admit #41:** CI has more than one contract with DOC.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

Defendants argue this information is duplicative as it was already sought from another defendant and irrelevant. Dkt. 161 at 10-11. Plaintiff is attempting to discover the terms of the contract between the DOC and CI, which he asserts is relevant because he received numerous grievance responses pointing to a contract. Dkt. 155 at 17. Despite Defendants' objection to the contrary, this information may be relevant given the claim at issue in this action and is not overly broad. Thus, Plaintiff's Motion to Compel is granted on this request. Defendants are directed to submit a response to Request for Admission #40 and #41.

    **h. Requests for Admission #51-56**

**Admit #51:** The plaintiff has purchased Black beans 10oz. #5359 from the inmate commissary.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

**Admit #52:** The plaintiff has purchased refried beans 8oz. #5319 from the inmate commissary.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

**Admit #53:** The plaintiff has purchased Tuna in Water 4.23 oz. #5006 from the inmate commissary.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

**Admit #54:** The plaintiff has purchased Mixed Nuts 10 oz. #4013 from the inmate commissary.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

**Admit #55:** The plaintiff has purchased Sunflower Kernals 2 oz. #4102 from the inmate commissary.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

**Admit #56:** The plaintiff has purchased Trail mix 2 oz. – NO SALT #4106 from the inmate commissary.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

Defendants argue the information Plaintiff seeks from these requests is cumulative and duplicative as he was provided a full, detailed listing of his commissary purchases as part of the Defendants' response to his first motion for a preliminary injunction. Dkt. 161 at 11-12. *See* Dkt. 70, Declaration of Brent Carney, Exhibit D. Further, Plaintiff has not shown he unable to obtain these records from another source as the documents are his own prison records. Plaintiff's Motion to Compel is denied on these requests.

**i. Requests for Admission #70**

**Admit #70:** Jack MacKerel, 12 oz #5004 on the inmate commissary is a healthier choice item.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case."

Plaintiff argues this request is relevant because Jack Mackerel is one of the foods Defendants "condemn" Plaintiff for eating. Dkt. 155 at 18. Defendants argue this request is overly broad, vague and confusing as Plaintiff does not state what the "healthier choice" is. Dkt. 161 at 12. Defendants also content this request is duplicative because in Defendants' response to Plaintiff's motion for preliminary injunction, they noted he consumed canned fish is considered high in sodium. *Id.* This request is vague and without a definition of "healthier choice," the Court cannot discern the relevance of this information to Plaintiff's claim. Plaintiff's Motion to Compel on this request is denied.

**j. Requests for Admission #86**

**Admit #86:** The plaintiff has a history of left-knee trouble.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

Plaintiff argues this information is relevant because one of the reasons Plaintiff requires the metabolic diet is due to his inability to exercise. Dkt. 155 at 18. The Court agrees with Defendants the information sought in this interrogatory is not related to an action which contends Defendants violated Plaintiff's constitutional rights based on the inadequacy of Halal meals, allergies to soy and TVP, and serving rotten meat, thereby infringing on his religious practices. Although Plaintiff's Second Amended Complaint generally alleges he was denied adequate

medical treatment, Plaintiff raises no claims related to his medical treatment for his left knee. Thus, Plaintiff has not shown the information he seeks is relevant. In addition, Plaintiff can obtain this information from his own medical records. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). The Motion to Compel on Requests for Admission #86 is denied.

### k. Requests for Admission #87-88

**Admit #87:** The plaintiff has attempted to get into the "ADA gym" program at SCCC, but he was denied.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case.

**Admit #88:** The plaintiff's healthcare provider PAC-Tucker, in 2012, told him that he was placed on a waiting list to get in to the "ADA Gym" program.

**OBJECTION:** This request is overly broad, seeks information that is not relevant to the claims raised in Plaintiff's complaint and is not relevant to any party's claim or defense and proportional to the needs of the case."

Plaintiff argues these requests are relevant because he has a knee injury but was refused access to low-impact recreation equipment, which demonstrates a continual practice wherein a healthcare provider who has not treated or seen Plaintiff makes the decision on treatment. Dkt. 155 at 19. Although Plaintiff's Second Amended Complaint generally alleges he was denied adequate medical treatment, Plaintiff raises no claims related to his denial of access to the ADA gym program. Thus, Plaintiff has not shown the information he seeks is relevant. The Motion to Compel on Requests for Admission #87-88 is denied.

### l. Conclusion

| | |
|---|---|
| 1 | Based on the foregoing, Plaintiff's Motion to Compel (Dkt. 155) is granted in part and |
| 2 | denied in part. Defendants are directed to submit a response to the following discovery requests: |
| 3 | (1) Request for Admission #94 and Interrogatory #22 (Defendant Perdue) and (2) Request for |
| 4 | Admission #40 and #41 (Defendant DOC) within thirty days of the entry of this order. |
| 5 | **B. Motion for Extension of Time ( Dkt. 178); Motion to Allow Appeal to Proceed on Preliminary Injunction (Dkt. 182); Motion for Leave to Appeal In Forma Pauperis (Dkt. 183)** |
| 6 | |
| 7 | Plaintiff seeks permission and an extension of time from this Court to appeal District |
| 8 | Judge Settle's Order Denying Plaintiff's Motion for Reconsideration of the Order Adopting |
| 9 | Report and Recommendations re Plaintiff's Third Motion for Preliminary Injunction (Dkts. 137; |
| 10 | 163, 170, 174, 175, 177). Dkts. 178, 182, 183. On March 28, 2017, Plaintiff filed a Notice of |
| 11 | Appeal, appealing District Judge Settle's Order Denying Plaintiff's motion for Reconsideration |
| 12 | of the Order Adopting Report and Recommendations re Plaintiff's Third Motion for Preliminary |
| 13 | Injunction (Dkts. 137; 163, 170, 174, 175, 177). Dkts. 180 (Notice of Appeal), 181 (Assigning |
| 14 | USCA Case No. 17-35275). Because Plaintiff has already filed an appeal of his Third |
| 15 | Preliminary Injunction, and does not need permission from this Court to file such an appeal, the |
| 16 | Court denies Plaintiff's Motion for Extension of Time ( Dkt. 178) and Motion to Allow Appeal |
| 17 | to Proceed on Preliminary Injunction (Dkt. 182) as moot. *See* 28 U.S.C. § 1292(a)(1) (courts of |
| 18 | appeals have jurisdiction of appeals from "[i]nterlocutory orders of the district courts . . . |
| 19 | refusing . . . injunctions."). The Clerk's Office is directed to terminate Plaintiff's Motion for |
| 20 | Leave to Appeal In Forma Pauperis (Dkt. 183) in this case and refer the Motion to the Ninth |
| 21 | Circuit for consideration. |
| 22 | **C. Motion to Exclude/Strike Praecipes (Dkt. 185)** |
| 23 | |
| 24 | |

Defendants move to strike Plaintiff's Praecipes attached to his Motion for Leave to File Appeal. Dkts. 179, 184. Defendants argue Plaintiff's Praecipes are immaterial and impertinent because the Court has already ruled on Plaintiff's Third Motion for Preliminary Injunction based on the evidence before it. Dkt. 185 at 2. Defendants also argue the Ninth Circuit will only review this Court's decision for an abuse of discretion. *See id.* (citing *Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1119 (9th Cir. 2009)).

Federal Rule of Civil Procedure 12(f) enables the court to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are disfavored and infrequently granted. *Pease & Curren Refining, Inc. v. Spectrolab, Inc.*, 744 F.Supp. 945, 947 (C.D. Cal. 1990), *abrogated on other grounds by Stanton Road Assocs. v. Lohrey Enters*., 984 F.2d 1015 (9th Cir.1993).

Although Defendants argue the documents are immaterial and impertinent, Defendants fail to show how striking the materials would avoid unnecessary expenditure or streamline the litigation in this matter. *See Sidney-Vinstein,* 697 F.2d at 885. Nor have Defendants shown the documents have no possible bearing on the subject of this case. *See Platte Anchor Bolt, Inc. v. IHI, Inc*., 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (internal citations omitted) ("[A] motion [to strike]...should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt...the court should deny the motion."). Moreover, as noted above, Plaintiff's appeal of his Third Preliminary Injunction is currently pending before the Ninth Circuit. To the extent Defendants challenge the evidence before the

Ninth Circuit on appeal, such evidentiary objections are more properly addressed directly with the Ninth Circuit. Thus, Defendants Motion to Strike is denied.

**D. Motions for Leave to File Excess Pages (Dkts. 193, 196)**

Plaintiff requests the Court allow him to file a four page Reply to Defendants' Response to Plaintiff's Motion to Allow Appeal to Proceed on Preliminary Injunction (Dkt. 193; Dkt. 193-1 (Proposed Reply)) and a four page Response to Defendants' Motion to Lift Stay (Dkt. 196). Plaintiff also attached a Proposed Declaration in Support of his Reply. Dkt. 193-2. Plaintiff's Proposed Reply and Response (Dkt. 195) are not longer than allowed under the local rules. *See*; Local Rule 7(e)(4) (Motions noted under LCR 7(d)(2) and briefs in opposition shall not exceed twelve pages. Reply briefs shall not exceed six pages).

Thus, Plaintiff's Motions for Leave to File Excess Pages are denied as moot. The Clerk is directed to docket Plaintiff's Proposed Reply (Dkt. 193-1) and Proposed Declaration in Support (Dkt. 193-2) as Plaintiff's Reply and Declaration in Support. Plaintiff is advised to review the Court's Local Rules regarding page limits for motions, responses, and replies.

Dated this 28$^h$ day of April, 2017.

David W. Christel
United States Magistrate Judge