# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

PETER J. MCDANIELS,

    Plaintiff,

v.

BELINDA STEWART, et al.

    Defendants.

CASE NO. C15-5943 BHS-DWC

ORDER TO SHOW CAUSE AND RE-NOTING PENDING MOTIONS

    Before the Court are: (1) Plaintiff's Motion for Service (Dkt. 190); (2) Plaintiff's Motion for Substitution (Dkt. 191); (3) Defendants' Motion for Summary Judgment (Dkt. 203); (4) Plaintiff's Motion for Leave to File Excess Pages (Dkt. 208); (5) Plaintiff's Motion to Dismiss Party (Dkt. 207); and (6) Plaintiff's Motion to Issue Subpoena (Dkt. 209).

    On March 28, 2017, Plaintiff filed a Notice of Appeal, appealing the Order Denying Plaintiff's Motion for Preliminary Injunction. Dkts. 137, 163, 174, 175, 180. Plaintiff's appeal is currently pending before the Ninth Circuit. *See* Dkt. 180; Ninth Circuit Case No. 17-35275.

    The district court has broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher,*

467 F.2d 242, 244 (9th Cir. 1972) (quotations and citations omitted). *Clinton v. Jones,* 520 U.S. 681, 706–07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enterprises, Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1465 (9th Cir. 1983); *Leyva v. Certified Grocers of California Ltd.,* 593 F.2d 857, 863–64 (9th Cir.1979); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008); *Jenkins v. Vail,* 2009 WL 3415902, at *1 (E.D. Wash. Oct. 21, 2009) (staying motion for summary judgment pending Court of Appeals ruling on order denying motion for temporary restraining order).

Here, several of the issues raised in Defendants' Second Motion for Summary Judgment are the same issues addressed by the Court in its Order Denying Plaintiff's Motion for Preliminary Injunction. Because the Ninth Circuit's ruling on the interlocutory appeal could impact the Court's disposition of the pending proceedings, waiting until the issues on appeal are decided will avoid potential unnecessary litigation and provide direction to this Court. *See Jenkins,* 2009 WL 3415902 at 1. Thus, the Court finds a stay of the entire matter, including discovery, pending the Ninth Circuit's decision on appeal could serve the interests of fairness and "promote economy of time and effort" for the Court and the parties. *Kelleher,* 467 F.2d at 244.

Accordingly, the parties are directed to show cause on or before June 30, 2017 why the case should not be stayed, pending the outcome of Plaintiff's appeal of the Order Denying Plaintiff's Motion for Preliminary Injunction.

The Clerks' office is directed to re-note the following motions for June 30, 2017: (1) Plaintiff's Motion for Service (Dkt. 190); (2) Plaintiff's Motion for Substitution (Dkt. 191); (3) Defendants' Motion for Summary Judgment (Dkt. 203); (4) Plaintiff's Motion for Leave to File Excess Pages (Dkt. 208); (5) Plaintiff's Motion to Dismiss Party (Dkt. 207); and (6) Plaintiff's Motion to Issue Subpoena (Dkt. 209).

Dated this 31st day of May, 2017.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge