UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER J. MCDANIELS,

            Plaintiff,

   v.

BELINDA STEWART, et al.,

            Defendants.

CASE NO. 3:15-CV-05943-BHS-DWC

ORDER STAYING THE CASE

    Before the Court are: (1) Plaintiff's Motion for Service (Dkt. 190); (2) Plaintiff's Motion for Substitution (Dkt. 191); (3) Defendants' Second Motion for Summary Judgment (Dkt. 203); (4) Plaintiff's Motion for Leave to File Excess Pages (Dkt. 208); (5) Plaintiff's Motion to Dismiss Party (Dkt. 207); and (6) Plaintiff's Motion to Issue Subpoena (Dkt. 209).

    On March 28, 2017, Plaintiff filed a Notice of Appeal, appealing the Order Denying Plaintiff's Motion for Preliminary Injunction. Dkts. 137, 163, 174, 175, 180. Plaintiff's appeal is currently pending before the Ninth Circuit. *See* Dkt. 180; Ninth Circuit Case No. 17-35275. On June 1, 2017, the Court directed the parties to, on or before June 30, 2017, show cause why this case should not be stayed pending the outcome of Plaintiff's appeal of the Order Denying

Plaintiff's Motion for Preliminary Injunction. Dkt. 211. On June 19, 2017, Defendants filed a response requesting the Court not enter a stay because a delay will prejudice Defendants and there is little chance the Ninth Circuit will find an abuse of discretion by this Court. Dkt. 217. Plaintiff did not file a response to the Court's Order.

While the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher,* 467 F.2d 242, 244 (9th Cir. 1972) (quotations and citations omitted); *see Clinton v. Jones,* 520 U.S. 681, 706–07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enterprises, Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1465 (9th Cir. 1983); *Leyva v. Certified Grocers of California Ltd.,* 593 F.2d 857, 863–64 (9th Cir.1979); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008); *Jenkins v. Vail,* 2009 WL 3415902, at *1 (E.D. Wash. Oct. 21, 2009) (staying motion for summary judgment pending Court of Appeals ruling on order denying motion for temporary restraining order).

Here, several of the issues raised in Defendants' Second Motion for Summary Judgment are the same issues addressed by the Court in its Order Denying Plaintiff's Motion for Preliminary Injunction. Because the Ninth Circuit's ruling on the interlocutory appeal could impact the Court's disposition of the pending proceedings, waiting until the issues on appeal are decided will avoid potential unnecessary litigation and provide direction to this Court. *See Jenkins,* 2009 WL 3415902 at 1. Thus, the Court finds a stay of the entire matter, including

discovery, pending the Ninth Circuit's decision on appeal could serve the interests of fairness and "promote economy of time and effort" for the Court and the parties. *Kelleher,* 467 F.2d at 244.

Accordingly, the Court orders this entire matter be stayed pending resolution of Plaintiff's appeal currently before the Ninth Circuit. The Clerk is directed to strike the noting dates for (1) Plaintiff's Motion for Service (Dkt. 190); (2) Plaintiff's Motion for Substitution (Dkt. 191); (3) Defendants' Motion for Summary Judgment (Dkt. 203); (4) Plaintiff's Motion for Leave to File Excess Pages (Dkt. 208); (5) Plaintiff's Motion to Dismiss Party (Dkt. 207); and (6) Plaintiff's Motion to Issue Subpoena (Dkt. 209). While this matter is stayed, motions will not be considered by the Court. Therefore, the parties are directed to refrain from filing motions with the Court until the stay is lifted. Within thirty days of the Ninth Circuit's resolution of the appeal, the parties shall file a joint status report informing the Court of the status of this matter.

Dated this 6th day of July, 2017.

David W. Christel
United States Magistrate Judge