UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER J. MCDANIELS,

    Plaintiff,

v.

BELINDA STEWART, et al.,

    Defendant.

CASE NO. 3:15-cv-05943-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: June 1, 2018

The District Court has referred this action to United States Magistrate Judge David W. Christel. On July 6, 2017, the Court stayed this case pending Plaintiff Peter J. McDaniels's interlocutory appeal to the Ninth Circuit. Dkt. 219. The Court also struck the noting dates for Plaintiff's Motion to Direct Service (Dkt. 190), Motion for Substitution (Dkt. 191), Motion to Dismiss Party (Dkt. 207), Motion for Leave to File Excess Pages (Dkt. 208), and Motion to Issue Subpoena (Dkt. 209). The Court also struck the noting date for Defendants' Second Motion for Summary Judgment (Dkt. 203).

In March of 2018, the Ninth Circuit issued its order as to Plaintiff's Appeal. Dkt. 221. Plaintiff then filed a Motion to Lift Order Staying the Case ("Motion to Lift Stay") (Dkt. 222)

and a Motion to Stay All Future Dispositive Motions ("Motion to Stay Dispositives") (Dkt. 223). Defendants agreed to lift the stay, but disagreed as to Plaintiff's additional limitations on dispositive motions. Dkt. 226. They subsequently filed a new Motion for Summary Judgment (Dkt. 231).

The Court granted the Motion to Lift Stay, but denied the Motion to Stay Dispositives. Dkt. 240. Further, because of the length of the stay, the Court concluded it could not determine whether the current procedural posture of the case warranted examining the motions pending after lifting the stay, and therefore denied the Motion to Direct Service (Dkt. 190), Motion for Substitution (Dkt. 191), Motion for Leave to File Excess Pages (Dkt. 208), and Motion to Issue Subpoena (Dkt. 209) with leave to refile. Pending now before the Court are Plaintiff's Motion to Dismiss Party (Dkt. 207) and Defendants' Second Motion for Summary Judgment (Dkt. 203).

First, Defendants have filed a new Motion for Summary Judgment. Dkt. 231. Thus, their Second Motion for Summary Judgment (Dkt. 203) is moot, and the Court recommends denying it accordingly.

Second, as the Court noted in its Order (Dkt. 240), this case has been stayed for almost a year. The Court cannot determine whether the current procedural posture of the case warrants examining the remaining pending motions. Therefore, the Court recommends denying Plaintiff's Motion to Dismiss Party (Dkt. 207) with leave to refile. If Plaintiff believes this motion is still relevant in light of the current posture of the case, he may resubmit.

For the reasons stated above, the Court recommends Defendant's Second Motion for Summary Judgment (Dkt. 203) be denied as moot, and Plaintiff's Motion to Dismiss Party (Dkt. 207) be denied with leave to refile.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 1, 2018** as noted in the caption.

Dated this 15th day of May, 2018.

*[signature]*

David W. Christel
United States Magistrate Judge