UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PETER J. MCDANIELS,<br><br>                     Plaintiff,<br><br>     v.<br><br>BELINDA STEWART, et al.,<br><br>                 Defendants. | CASE NO. C15-5943 BHS<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 263, and Plaintiff Peter McDaniels's ("McDaniels") objections to the R&R, Dkt. 272.

On September 24, 2018, Judge Christel issued the R&R recommending that the Court grant Defendants Belinda Stewart, Washington State Department of Corrections, Pam Perdue, Joshua Sendawula, Patrick Glebe, Dan Van Ogle, G. Steven Hammond, Robert Weber, Kevin Bovenkamp, Brent Carney, Norman Goodenough, Sarah Smith, Danielle Armbruster, Jim Parker, Robert Herzog, Brad Simpson, Lt. McCarty, Richard Roberts, and Rhonda Williamson's ("Defendants") motion for summary judgment. Dkt.

263. On October 4, 2018, McDaniels filed over fifty pages of objections and a motion for leave to file excess pages. Dkts. 268, 269. On January 9, 2019, the Court denied the motion and granted McDaniels leave to file objections totaling no more than twenty-four pages. Dkt. 271. On January 29, 2019, McDaniels filed objections. Dkt. 272. On February 7, 2019, Defendants responded. Dkt. 273. On February 12, 2019, McDaniels replied. Dkt. 274.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In McDaniels's second amended complaint, he asserts claims for (1) violations of his First, Eighth, and Fourteenth Amendment rights, (2) violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), (3) violations of the Washington state constitution, and (4) state law torts. These claims are based on his assertions that Defendants did not allow him to have both a religious and a therapeutic diet plan, they failed to provide him with a soy-free diet, they neglected to provide him a hearing before declining to provide him a soy-free diet, and they provided him with rotten meat. On April 25, 2018, Defendants moved for summary judgment on McDaniels's claims. Dkt. 231. Judge Christel recommends granting the motion, Dkt. 263, and McDaniels objects to this recommendation, Dkt. 272.

First, the Court will address McDaniels's assertion that the recent opinion in *Vincent v. Stewart*, No. 17-35487, 2018 WL 6721734 (9th Cir. Dec. 21, 2018), controls

and compels denial of the R&R.  Dkt. 272 at 3.  In *Vincent*, the Ninth Circuit concluded that (1) "the district court incorrectly granted summary judgment on Vincent's RLUIPA claim," and (2) the "district court also erred in granting summary judgment on Vincent's First Amendment claim."  *Vincent*, 2018 WL 6721734 at *1–*2.  Regarding the RLUIPA claim, the district court improperly questioned the sincerity of Vincent's religious beliefs instead of considering whether the defendants substantially burdened Vincent's practice of those beliefs.  *Id.* at *1.  Importantly, the court concluded that "the defendants' refusal to provide Vincent with a metabolic diet that meets his religious needs substantially burdened his religious beliefs."  *Id.*  As further explained below, *Vincent* is factually distinguishable from this case because the R&R neither questions McDaniels's religious beliefs nor concerns Defendants' refusal to provide a meal plan consistent with those beliefs.  Instead, the issue presented in this case is whether Defendants violate McDaniels's rights by requiring McDaniels to choose between a religious meal plan that McDaniels claims is unhealthy or a therapeutic meal plan that is heavily dependent on soy, which McDaniels claims causes digestive issues because he is soy intolerant.  Thus, the Court rejects McDaniels's argument that *Vincent* controls the issues in this matter.

Second, McDaniels objects to the R&R's recommendation that Defendants are entitled to summary judgment on McDaniels's RLUIPA claim and First Amendment claim.  Dkt. 272 at 5–21.  McDaniels, however, fails to show any error of law in the R&R.  Instead, McDaniels repeatedly argues that Defendants are violating his rights because they refuse to provide him a meal plan of his choosing.  It is undisputed that Defendants have a legitimate penological interest in offering standard meal plans whether

in a mainline meal plan, a religious meal plan, or a therapeutic meal plan.  *Ward v.*

*Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (prisons have "a legitimate penological interest in

running a simplified food service, rather than one which gives rise to many administrative

difficulties.") (citing *Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988)).  Despite this

interest, McDaniels argues that Defendants are substantially burdening his religious

rights because his religious meal plan is unhealthy and the therapeutic meal plan is heavy

in soy, which causes medical issues with his soy intolerance.  One problem with

McDaniels's argument is that he has failed to prove that the religious plan is unhealthy.

Other than his subjective belief as to the healthiness of this plan, he has failed to establish

the plan violates any federal right based on the nutritional aspects of the plan.  Thus, his

personal choice to avoid the religious meals may not be imputed to Defendants as their

implicit substantial burden on his rights.  At most, McDaniels has established a mere

inconvenience that the offered religious meal is not as healthy as he would prefer.

*Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987) (In order to reach the level of a

constitutional violation, the interference with one's practice of religion "must be more

than an inconvenience; the burden must be substantial and an interference with a tenet or

belief that is central to religious doctrine.").  Therefore, the Court adopts the R&R on

McDaniels's RLUIPA claim and First Amendment claim.

Third, it is unclear whether McDaniels specifically objects to the portion of the

R&R addressing his Eighth Amendment claim.  However, upon review of the R&R, the

Court agrees that McDaniels has failed to show deliberate indifference in failing to allow

a mixed meal plan or in failing to address an alleged serious medical need based on soy intolerance.  Therefore, the Court adopts the R&R on this claim.

Fourth, it is unclear whether McDaniels specifically objects to the portion of the R&R addressing his Fourteenth Amendment claim.  However, upon review of the R&R, the Court agrees that McDaniels has failed to show a violation of his due process rights or equal protection rights.  Therefore, the Court adopts the R&R on this claim.

Finally, McDaniels provides some general objections to the R&R's recommendations regarding his retaliation claim, his Washington state constitution claims, and his Washington tort law claims.  Dkt. 272 at 21–26.  The Court agrees that McDaniels has failed to establish a prima facie case of retaliation because he relies on mere speculation.  Even then, Defendants have submitted unrebutted evidence that issuing infractions for trading food furthers the legitimate penological interest of insuring every inmate is receiving adequate nutrition.  Thus, the Court adopts the R&R on this claim.

Regarding McDaniels's state law claims, the Court agrees with the R&R that the claims are without legal basis and McDaniels has failed to support them with actual evidence.  Dkt. 263 at 22–24.

Therefore, the Court having considered the R&R, McDaniels's objections, and the remaining record, does hereby find and order as follows:

(1)	The R&R is **ADOPTED**;

(2)	Defendants' motion for summary judgment, Dkt. 231, is **GRANTED**;

(3)     McDaniels's *in forma pauperis* status is **REVOKED** for purposes of appeal; and

(4)     The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 25th day of March, 2019.

 

 

 

BENJAMIN H. SETTLE
United States District Judge